JOSEPH N. WELCH, trustee, *vs.* WILLIAM M. CHAPMAN.

Suffolk.    February 1, 1937. — February 10, 1937.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Contract*, Construction, Separation agreement between husband and wife. *Marriage and Divorce*, Alimony.

A separation agreement by a trustee and a husband and wife, providing for payments by the husband to the trustee for the wife and that such provisions "shall be embodied in any decree of divorce . . . which the wife shall obtain against the husband," but not providing expressly or impliedly that it should expire in that event, remained enforceable by an action of contract after such provisions had been "embodied" in a decree for divorce subsequently granted to the wife.

CONTRACT. Writ in the Superior Court dated December 26, 1935.

The action was heard without a jury by *Goldberg*, J., who found for the plaintiff in the sum of $279.83. The defendant alleged exceptions.

*N. Fink*, for the defendant, submitted a brief.

*A. Brayton*, for the plaintiff.

LUMMUS, J. . Elizabeth M. Chapman and the defendant William M. Chapman, her husband, on January 8, 1935, entered into a separation agreement by which the defendant agreed under seal with the plaintiff as trustee for Elizabeth M. Chapman to pay him $1,500 a year in monthly instalments of $125, and also to pay for oil needed to heat her house. The agreement provided "that the provisions in this agreement for the payment of sums in each year to the wife shall be embodied in any decree of divorce or separation which the wife shall obtain against the husband, so far as the court granting said decree shall agree to said embodiment." The plaintiff was awarded damages in this action of contract to recover unpaid instalments. The defendant alleged exceptions.

The only defence is that on April 10, 1935, a court of the State of Nevada granted Elizabeth M. Chapman a divorce from the defendant, inserted in the decree an order for the payment of permanent alimony in the same sums provided in the agreement, and set forth in the decree "that such permanent alimony is in accordance with an agreement of the parties, bearing date the 8th day of January, 1935, and is hereby awarded in accordance with and by way of approval of the agreement of the parties and is not cumulative to said agreement."

Merely reading the agreement and the decree makes plain that the agreement was not to expire when its terms should be embodied in a decree of divorce, and that the decree was not intended as a substitute for the agreement. There is no reason why the wife may not have the protection of both. Cases where the agreement was intended to provide only for a period of separation without change in the legal relationship, are not in point. *Albee* v. *Wyman*, 10 Gray, 222. *Kerr* v. *Kerr*, 236 Mass. 353. See also *Wilson* v. *Caswell*, 272 Mass. 297; *French* v. *McAnarney*, 290 Mass. 544.

*Exceptions overruled.*