HATTIE M. BURDICK *vs.* FRANCIS E. CASSIDY, executor, & another.

SAME *vs.* SAME.

Worcester. March 9, 1939. — July 7, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Contract*, Abrogation.

Findings that, previous to the filing by a woman of a libel for divorce, the parties and a trustee orally had agreed that the parties would enter into a stipulation for alimony which should take the place of a previous separation agreement they had made with the trustee, and that the stipulation was signed and filed in the divorce proceedings which resulted in a decree absolute, precluded maintenance of a suit in equity and of an action at law by the woman for breaches of the agreement.

CONTRACT. Writ in the Superior Court dated January 18, 1937; also a

BILL IN EQUITY, begun by a writ of summons and attachment dated May 17, 1937.

The cases were heard together by *Donnelly*, J.

*Nicholas Fusaro & Nunziato Fusaro*, for the plaintiff, submitted a brief.

*G. R. Stobbs*, for the defendants.

LUMMUS, J. On May 27, 1931, when J. Howard Burdick and the plaintiff, his wife, were living apart, they entered

into a written agreement through Francis E. Cassidy as trustee. Burdick agreed to pay the plaintiff $20 a week for her support until her death or remarriage. He agreed to keep up two insurance policies on his life, one in the amount of $3,500 in the Metropolitan Life Insurance Company, and the other in the amount of $5,000 in the Connecticut Mutual Life Insurance Company. She was to be beneficiary under both unless she should remarry before his death. These policies were assigned to her, subject apparently to his right to revoke the assignment.

On June 23, 1932, the plaintiff obtained a decree *nisi* for divorce from J. Howard Burdick, which became absolute on December 23, 1932. Attached to the libel was a stipulation signed by the parties to the libel, declaring that "it is expressly stipulated between the parties in the event of a decree nisi being entered in said case, the libelee is to pay as alimony, the sum of twenty dollars ($20.00) forthwith and a further sum of twenty dollars ($20.00) each and every week thereafter for the support of the libellant." She has never remarried. Burdick died November 17, 1935, and Mr. Cassidy was appointed executor of his will. It was found that on March 4, 1933, Burdick had revoked the assignment of the insurance policies to the plaintiff.

Until the divorce, payments under the agreement were made promptly. After the divorce, Burdick fell behind in his payments, and at his death owed a considerable balance. The plaintiff referred the indebtedness to the agreement, not to the stipulation in the divorce libel, and brought an action of contract against the executor of Burdick's will to recover for breach of the agreement. She also brought a bill in equity against the executor and the insurance companies, to obtain the principal sum payable under the policies upon Burdick's death.

It appeared that, before the libel for divorce was filed, the parties to it had some discussion as to which of them had good cause for divorce, and that it was arranged that the plaintiff should bring the libel and that the parties should enter into a stipulation as to alimony. Upon sufficient evidence, the judge found that the written agreement

of May 27, 1931, was abrogated by oral agreement of the plaintiff, Burdick and the trustee made at the time of the stipulation, which was accepted in substitution for the earlier written agreement. That finding destroyed the basis for each of the present cases. No error appears in dealing with the requests for rulings, which were properly filed in the action at law. The case is unlike *Welch* v. *Chapman,* 296 Mass. 487, where the agreement was never abrogated. In each case there will be an entry of

*Exceptions overruled.*

In the suit in equity the attempted appeal from the findings of fact and the order for decree must of course be dismissed (*Gulesian* v. *Newton Trust Co.* 302 Mass. 369, 372; *Carilli* v. *Hersey, ante,* 82, 87), and the further entry will be *Final decree dismissing bill affirmed with costs.*