LUCY B. WHITNEY *vs.* ROBERT U. WHITNEY.

Bristol.    May 4, 1944. — June 2, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, WILKINS, &
SPALDING, JJ.

*Equity Jurisdiction,* Accounting, Remedy at law, Separation agreement
by husband and wife. *Equity Pleading and Practice,* Appeal, Waiver.
*Contract,* By husband and wife. *Marriage and Divorce,* Separation
agreement. *Husband and Wife.*

In a suit in equity by a woman against her former husband to enforce a
separation agreement, the final decree was properly confined to pay-
ments and other matters up to but not beyond the commencement of
the suit.

A party not appealing from the final decree in a suit in equity was not
entitled to contend in this court that the decree should have been
more favorable to him in certain particulars.

A valid separation agreement made by husband and wife, which pro-
vided specifically that it should not be "affected or impaired by any"
divorce of the parties and was approved by but not embodied in a
decree of divorce subsequently entered, was enforceable.

The defendant in a suit in equity by his former wife to enforce a separa-
tion agreement, although in his answer he denied an averment in the
bill that the plaintiff did not have an adequate remedy at law, by
further answering and by seeking affirmative relief on the merits and
by proceeding to trial without further objection, waived the defence
that the plaintiff had an adequate remedy at law.

A proceeding to enforce a claim for money due under a valid separation
agreement made by husband and wife might be maintained by the
woman against the man in the courts of this Commonwealth after
they had been divorced.

BILL IN EQUITY, filed in the Superior Court on Decem-
ber 22, 1941.

The suit was heard on a master's report by *Leary,* J.  In
this court it was submitted on briefs.

*H. W. Connolly,* for the plaintiff.

*G. P. Ponte,* for the defendant.

DOLAN, J.  This is a bill in equity by which the plaintiff
seeks to enforce a separation agreement entered into by her
and the defendant in the State of New York.  The prayers

of the bill are for the determination of the amount due to the plaintiff under the agreement as amended, after an accounting in accordance with the provisions of G. L. (Ter. Ed.) c. 214, § 3 (6), and for other relief.

In his answer the defendant admitted certain allegations of the bill, denied others, among them one "That the plaintiff is without a plain, complete and adequate remedy at law," and prayed that "under the provisions of . . . [G. L. (Ter. Ed.) c. 208, § 29] and in accordance with its jurisdiction as a court of equity, the court revise and alter any prior decree heretofore made relative to the support of the plaintiff and the support and education of the minor children of the parties as if said divorce had been decreed in this Commonwealth and that this court make such decree relative to the care, education and maintenance of said minor children as to it shall seem just and proper and that the court modify said agreements between the parties and specify such amount as to the court may seem reasonable for the support of the plaintiff and the children of the parties hereto."

The case was referred to a master whose material findings may be summed up as follows: The parties, both of whom resided in Massachusetts when this proceeding was begun, were married on August 18, 1917. Four children were born of the marriage, the date of birth of the last child being April 4, 1927. On March 15, 1935, the parties entered into an agreement for the support of the plaintiff and the children in which the plaintiff was recited as of "Short Hills," in the "State of New Jersey," and the defendant as of the "City and State of New York." The agreement was executed in the county and State of New York. On May 17, 1935, the defendant obtained a decree of divorce absolute from the plaintiff in the Second Judicial District Court of the State of Nevada. The decree contained the following recital: "That on the 15th day of March, 1935, the parties hereto entered into a separation agreement providing for the support of the defendant and the care, custody, control, support, maintenance and education of the minor children of the parties, and which said agreement the court hereby approves." The agreement, how-

ever, contains the following provision: "Fourteenth: Should either of the parties hereto hereafter obtain a decree of divorce one from the other, both parties hereto hereby consent and agree that this Agreement and all it contains shall not be in any wise affected or impaired by any such divorce and that nothing in such decree shall alter, amend or vary any of the terms of this Agreement." On May 22, 1940, the parties executed an agreement modifying the amount of payments required to be made under its terms. The details of the agreement with respect to support need not be recited since no question is raised as to the accuracy of the amount found by the master to be due from the defendant to the plaintiff for the years 1939, 1940 and 1941, after detailed accounting of his earnings and other income in those and prior years. The suit was begun on December 22, 1941.[1] On July 30, 1943, an interlocutory decree was entered confirming the master's report, and on the same day the judge entered a final decree adjudging that the defendant owed the plaintiff on January 1, 1942, the sum found due by the master, together with interest therefrom to the date of the decree in the sum of $440.08, making a total of $5,080.82, ordering the defendant to pay that sum to the plaintiff with costs in the sum of $27.75, and denying the defendant's prayer for modification of the agreement. The plaintiff's appeal from the decree brings the case before us.

The plaintiff contends that the final decree entered by the judge should have included an order for future payments to her, an order that the defendant furnish to her or her attorney "a sworn statement of his income for the calendar year 1942 forthwith, and likewise on April 1 of each succeeding year, beginning April, 1944, for the calendar year next preceding until further order of the court," and that he furnish to her or her attorney duplicate insurance premium receipts for certain policies of life insurance "and his policy of insurance issued by the Veterans' Administration of the United States Government within thirty-

---

[1] On January 9, 1942, an interlocutory decree was entered for payments of support pending "the further order of the court."

one . . . days from the due date of the premiums for said policies."

There was no error in the failure of the judge to include in the final decree any orders with respect to future payments, or as to an accounting from time to time in the future by the defendant of his income and of his payments on account of insurance policies. No case is made for purely equitable relief. Had the plaintiff resorted to an action at law and she could have done so (*Schillander* v. *Schillander*, 307 Mass. 96, 98), she could not have recovered more than was due under the contract when the action was brought. "Actual injury and not anticipated injury is the ground of legal recovery." *Daniels* v. *Newton*, 114 Mass. 530, 539. "When a right does not exist, or grow out of a right existing, when a suit is begun, relief cannot be granted on facts happening after the date of the suit . . . in equity, when in like circumstances an action could not be maintained at law." *Cobb* v. *Library Bureau*, 260 Mass. 7, 14. It follows that the plaintiff was not entitled to an order for future payments and accountings.

The defendant has argued that the judge erred in not granting the prayer for modification of the decree of divorce contained in the defendant's answer. Without regard to any authority that the judge might have had in this respect, the short answer is that since the defendant did not appeal from the final decree entered by the judge he is not entitled to a decree more favorable to him in this respect. *Coe* v. *Coe*, 313 Mass. 232, 234, and cases cited. Since, however, want of jurisdiction may be urged at any time (*Moll* v. *Wakefield*, 274 Mass. 505, 507; *Maley* v. *Fairhaven*, 280 Mass. 54, 56, and cases cited), we consider the contentions of the defendant with relation to that subject matter.

The defendant argues that the court below did not have jurisdiction to enforce the agreement itself. The answer to this contention is to be found in the fact that, as before noted, by the express terms of the agreement it is provided that "Should either of the parties hereto hereafter obtain a decree of divorce one from the other, both parties hereto hereby consent and agree that this Agreement and all it

contains shall not be in any wise affected or impaired by any such divorce and that nothing in such decree shall alter, amend or vary any of the terms of this Agreement." That provision shows that the parties intended that it should continue in effect after a decree of divorce. *Schillander* v. *Schillander,* 307 Mass. 96, 98. In the case just cited it is said: "We are aware of no sound theory upon which it can be held that the court has jurisdiction to modify the terms of a valid existing contract which arose solely through the voluntary act of the parties." In that case the court also pointed out that the terms of the agreement showed that the parties intended that it should continue in effect after a decree of divorce, and said that "The agreement remains valid and may still be enforced by action at law after the decree." It is to be assumed that in the present case the judge found that the present agreement was valid under the laws of the State of New York in which it was entered into by the parties. *Richards* v. *Richards,* 270 Mass. 113, 119, and authorities cited. A reading of the agreement and the decree makes it plain that the agreement was not to expire by its mere approval in the decree of divorce without embodying its terms, and that the decree was not to be a substitute for the agreement. *Welch* v. *Chapman,* 296 Mass. 487, 488.

This brings us to the further contention of the defendant that the court below was without authority to enforce the agreement because the plaintiff had a complete and adequate remedy at law. That contention is not now open to the defendant. That objection must be raised promptly, and unless it is consistently pressed it is waived except in a case where the objection is truly jurisdictional. *Luciano* v. *Caldarone,* 255 Mass. 270. *Parkway, Inc.* v. *United States Fire Ins. Co.* 314 Mass. 647, 651–652, and cases cited. *Buckley* v. *John,* 314 Mass. 719, 721–722. In the present case by answering fully to the merits, by seeking affirmative relief on the merits and by proceeding without objection in the hearings before the master, the defendant must be taken to have waived any defence that the plaintiff had a complete and adequate remedy at law. *Parker* v. *Nicker-*

*son*, 137 Mass. 487, 489. *Driscoll* v. *Smith*, 184 Mass. 221, 223. *Reynolds* v. *Grow*, 265 Mass. 578, 581, and cases cited.

The defendant further contends that the court below had no jurisdiction to enforce the agreement because the provision that its terms should not be affected by any decree of divorce was invalid as an attempt to oust the courts of jurisdiction. For reasons already given that contention is not open to the defendant who did not appeal.

The contention of the defendant that the "equity" courts of this Commonwealth are without jurisdiction to hear or determine a claim "that is based entirely on a money indebtedness by one spouse against the other on a judgment for alimony or arising from an agreement for support" is without merit. In the present case, so far as appears, the parties are no longer husband and wife, and while the agreement could be enforced at law, *Schillander* v. *Schillander*, 307 Mass. 96, 98, that defence was waived by the defendant for reasons set forth above. It is perhaps well to add that with respect to foreign judgments for support and their enforcement in this Commonwealth in certain circumstances where the marital relation continues to exist reference may be had to G. L. (Ter. Ed.) c. 215, § 6, as amended by St. 1933, c. 237, § 1, after *Weidman* v. *Weidman*, 274 Mass. 118, was decided. See also *Blumenthal* v. *Blumenthal*, 303 Mass. 275.

*Decree affirmed.*