ELLIS FREEMAN, trustee, *vs.* BENJAMIN F. SIEVE.

Suffolk: November 1, 1948. — February 4, 1949.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Evidence*, Extrinsic affecting writing. *Contract*, Separation agreement, Construction. *Marriage and Divorce*, Separation agreement. *Practice, Civil*, Ordering verdict.

A certain lengthy and detailed written separation agreement entered into by husband and wife through trustees showed on its face that it was intended to be complete, and unambiguous terms therein providing without qualification for payments by the husband in certain amounts for the support of the wife and of minor children of the parties could not be varied by an oral agreement, made by the parties contemporaneously with the execution of the written agreement, that they would abide by a decision of the Probate Court respecting the amount to be paid by the husband in the event of subsequent changes in their circumstances.

A decree of divorce making provision for payments by the husband for the support of the wife and of minor children of the parties was not intended to supersede or terminate a like provision in a certain separation agreement entered into by the parties through trustees in contemplation of the divorce proceeding, even though the agreement stated that such provision should be included in a decree of divorce, if obtained, and there was no express statement in the agreement that it should not be affected by such a decree.

The enforceability of a provision of a separation agreement entered into by husband and wife through trustees in contemplation of a divorce proceeding, requiring stated payments by the husband for the support of the wife and of minor children of the parties and not superseded nor terminated by the inclusion of a like provision in a decree of divorce, was not affected by a later modification of the provision in the decree on petition by the former husband.

A verdict properly was ordered for the plaintiff in an action based on a written contract where, by an agreement of the parties as to the amount of damages if the plaintiff was entitled to recover and by proper exclusion of evidence offered by the defendant, all questions of fact were eliminated, leaving the construction of the contract as the only issue, and the correct construction thereof supported the plaintiff's claim.

CONTRACT. Writ in the Superior Court dated July 26, 1945.

The action was tried before *Swift*, J., who ordered a verdict for the plaintiff. The defendant alleged exceptions.

*D. F. Sullivan,* (*F. E. Silva, Jr.,* with him,) for the defendant.

*R. W. Meserve,* (*J. B. Poor* with him,) for the plaintiff.

SPALDING, J.   On September 1, 1937, the defendant Benjamin F. Sieve and Frieda F. Sieve, who were husband and wife and were then living apart, entered into a separation agreement through trustees.   At the time the agreement was executed it was contemplated that proceedings for divorce were to be instituted shortly thereafter.   On October 29, 1937, the Probate Court for Norfolk County entered a decree nisi (which became absolute six months later) on a libel for divorce brought by Mrs. Sieve.   Of the marriage two children (both of whom are now living and are minors) were born.   Mrs. Sieve has subsequently remarried.   Under the agreement the defendant was to pay to Mrs. Sieve "for the support of herself and of their two minor children . . . the sum of $4,000 per year," and payments of not less than $100 were to be made on the tenth, twentieth and thirtieth of each month.

The defendant paid to Mrs. Sieve the sums called for in the agreement until December 9, 1941, and since that time payments have been at the rate of $2,500 per year.   This action of contract was brought by the plaintiff, as the succeeding trustee for Mrs. Sieve (now Mrs. Fastov) under the separation agreement, to recover the difference between what the defendant has paid and what he allegedly should have paid under the agreement.   It was agreed at the trial that "the payments made by the defendant are less than the payments called for by the agreement by the precise amount of $4,401.28 if the agreement was in effect during the period in question, and that a finding for the plaintiff if one were to be made would be in the amount of $4,401.28 principal and $972.64 interest or a total of $5,373.92."   No contention is made that the agreement was invalid when entered into.   See *Schillander* v. *Schillander,* 307 Mass. 96, 98, and cases cited.

At the close of the evidence both the plaintiff and the defendant presented motions for directed verdicts.   The motion of the defendant was denied and the judge ordered

a verdict for the plaintiff in the sum of $5,373.92. The questions for decision arise out of the defendant's exceptions to this action and to certain rulings on evidence.

The defendant testified that the separation agreement was signed during a conference at which all of the parties and their counsel were present. He was then asked if there was any conversation at this conference between him or his attorney and the lawyers representing Mrs. Sieve with reference to the time the agreement was to run. Upon objection by the plaintiff this question was excluded subject to the defendant's exception. The defendant in an offer of proof stated that he would testify that he asked "What is to happen if my wife remarried?" "What is to happen if I should take ill and be unable to earn?" and "What will happen if there are any other changes in my circumstances on the part of the agreement with reference to the $4,000 which it is specified I should pay?" and that Mrs. Sieve's attorney replied, "You will take those matters up with the Probate Court. We have agreed with your counsel . . . that, under any change of circumstances that you may suffer after this agreement is signed, they are to be taken up with the Probate Court. We will agree to abide by any decision that the Probate Court will make." The defendant would further testify that his attorney said to Mrs. Sieve's lawyer, "We will accept that." This evidence was rightly excluded. The agreement under consideration, which comprises five pages of the record, undertakes to define in considerable detail the rights and obligations of the parties. It was drafted by experienced attorneys and was executed by the parties following several conferences in which they and their counsel participated. We are of opinion that the agreement shows on its face that it was intended by the parties as a statement of their complete agreement. In these circumstances previous or contemporaneous oral agreements are not admissible to vary its terms. *Glackin* v. *Bennett*, 226 Mass. 316. *Kilroy* v. *Schimmel*, 243 Mass. 262, 267. *Whitty Manuf. Co. Inc.* v. *Clark*, 278 Mass. 370, 374. *Kerwin* v. *Donaghy*, 317 Mass. 559, 567–568, and cases cited. Wigmore, Evidence

(3d ed.) § 2425. The excluded evidence did not purport to explain ambiguous or obscure expressions in the agreement; it added new and inconsistent provisions.

The defendant offered in evidence a certified copy of the original divorce decree entered on October 29, 1937. He also sought to introduce a certified copy of a decree entered in the same case on December 9, 1941, which modified the earlier decree. Both documents were excluded subject to the defendant's exception and the defendant made an offer of proof of the decrees. The original decree contained a provision ordering "the libellee [to] pay to the libellant for the support of herself and minor children the sum of $4,000 per year, of which sum payments of at least $100 shall be made on the 10th, 20th, and last day of each month." (These payments were the same as those provided for in the agreement.) The material portions of the decree of December 9, 1941, are as follows: "It is further decreed that the decree of October 29, 1937, be modified by ordering Benjamin F. Sieve to pay to Frieda Freeman Sieve, now Frieda Sieve Fastov, $2,500 per year for the support of their minor children. Said payments to be made in thirty-six equal instalments on the tenth, twentieth and last day of each month and that all orders for support for Frieda Freeman Sieve be discontinued." It appeared that this decree was entered on a petition for modification brought by the defendant, and that Mrs. Sieve appeared and objected.

We need not determine whether the original decree was admissible, for we are satisfied that its exclusion did the defendant no harm. Mrs. Sieve had already testified without objection that under the original decree the defendant had been ordered to pay $4,000 for the support of herself and her children. The decree would have added nothing of importance to that evidence. The argument of the defendant is addressed chiefly to the ruling excluding the later decree, and we shall confine our discussion to that question.

The defendant argues that, even if the agreement be considered without recourse to the extrinsic evidence discussed above, it shows that the parties intended it to remain

in force only until its provisions were included in the contemplated divorce decree, and that thereafter the obligation of the defendant to support Mrs. Sieve and the children must be found solely in the decree and in such modifications thereof as the court might make from time to time. Doubtless an agreement could have been made which would have had this effect. See *Fabrizio* v. *Fabrizio*, 316 Mass. 343. But the agreement here is not of that sort. We have not ignored the fact that in the agreement the parties assented, in the event that Mrs. Sieve obtained a decree of divorce, to the inclusion in such decree of the provisions of the agreement relating to support. And we are aware that here there is no clause similar to those in *Schillander* v. *Schillander*, 307 Mass. 96, and in *Whitney* v. *Whitney*, 316 Mass. 367, which expressly provided that the agreement was not to be affected by any divorce decree. Nevertheless, from a reading of the entire agreement we are of opinion that the parties did not intend that it should be superseded by the decree. In view of the advantages in the matter of enforcement, there are good reasons why a party to an agreement of this sort might want the added protection of a decree. This aspect of the case is governed by *Welch* v. *Chapman*, 296 Mass. 487. There a husband and wife entered into a separation agreement through a trustee and agreed that the provisions for support contained therein might be embodied in a decree of divorce which the wife might obtain against the husband. Subsequently the wife obtained a divorce and the provisions for support set forth in the agreement were included in the decree. The agreement, as the original papers disclose, did not contain any express provision that it was to survive the decree. Yet it was held that the parties did not intend that the decree should operate as a substitute for the agreement, and that the trustee for the wife was entitled to recover instalments which were due under it. The agreement in that case was quite similar in most respects to the agreement here.

Of course the agreement under consideration did not deprive the Probate Court of its power to modify its decree on matters relating to alimony or support if it saw fit to do

so. G. L. (Ter. Ed.) c. 208, § 37. *Wilson* v. *Caswell,* 272 Mass. 297. But in modifying the decree the court could not affect rights of the parties under the agreement. *Schillander* v. *Schillander,* 307 Mass. 96. See *Whitney* v. *Whitney,* 316 Mass. 367, 371. The decree was rightly excluded.

It follows that the only course open to the trial judge was to deny the defendant's motion for a directed verdict and to grant the plaintiff's motion. Since the agreement was in writing its construction was for the court. *Specialty Trading Co.* v. *A. C. Erisman Co.* 267 Mass. 220, 222. No question was raised as to its execution and delivery. And, as stated above, the parties had agreed on the amount due under the agreement if it continued to be operative after the entry of the decree. There was, therefore, no issue of fact for the jury to pass on.

*Exceptions overruled.*