# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

INDUSTRIAL TRUST COMPANY & another, executors, *vs.* MABEL FRANCES SADLER. February 8, 1951. Decree affirmed. This is an appeal by the widow of Thomas G. Sadler, late of Attleboro, from a decree allowing his will. The case was heard by a judge of probate, who made a report of the material facts found by him. The only issue was whether there had been undue influence by a son of the testator by a previous marriage. The reported evidence shows that the decision of the judge was amply justified, if not required. The reason for this appeal will be found in *Sadler* v. *Industrial Trust Co.*, *ante*, 10, where instructions are sought with reference to a possible waiver of the will by the widow. See G. L. (Ter. Ed.) c. 191, § 15.

*F. W. L. Miles*, (*C. J. Wilkins* with him,) for the respondent.

*A. E. Whittemore*, (*S. H. Tucker & J. R. Hally* with him,) for the petitioners.

ELLSWORTH S. IRWIN *vs.* DOROTHY L. IRWIN. February 9, 1951. Exceptions overruled. Decree affirmed with costs. This is a suit in equity seeking to modify the terms of a written agreement entered into on March 20, 1939, by the parties, who were then husband and wife, and a third party as trustee. An interlocutory decree from which no appeal was taken was entered sustaining a demurrer filed by the defendant, and a final decree was entered dismissing the bill. After the demurrer was sustained the plaintiff filed a motion to amend his bill which was denied. This suit comes here on appeal from the final decree and an exception to the denial of the motion to amend. There is no error. Both the original bill and the proposed amendment in substance sought to modify the agreement by parol evidence. That this could not be done was decided in *Freeman* v. *Sieve*, 323 Mass. 652, 654–655. See *Schillander* v. *Schillander*, 307 Mass. 96.

*D. L. Allison*, for the plaintiff.

*R. E. Bigney*, for the defendant.