Rescripts.

ALEX BOZARJIAN, petitioner. June 25, 1964. Order dismissing petition affirmed. This is a report by a single justice of the correctness of his order that the petition to establish exceptions in an action of contract in the Superior Court be dismissed. G. L. (Ter. Ed.) c. 211, § 6. The single justice ordered the petition dismissed, among other reasons, (1) because the disallowed bill of exceptions was defective in form and inadequate either to present any question of law, or to serve as the basis of a case appropriate for the consideration of the full court; and (2) because so far as the bill of exceptions purported to state any facts there was not sufficient evidence before him that it stated them completely, adequately, or accurately. We have examined the report and the original papers in the Superior Court and are satisfied that there has been no error.

The case was submitted on briefs.

*Alex Bozarjian,* pro se.

*John L. McDonough, Jr.,* for the respondent.

RONA J. KATES *vs.* GERALD C. KATES. June 26, 1964. Decree affirmed. This is an appeal from a decree of the Probate Court modifying that portion of a divorce decree providing for support of two minor children. The evidence is reported and there is a report of material facts. The petitioner, Rona Kates, secured on November 28, 1962, a decree nisi for divorce from the respondent. On November 26, 1962, the parties had entered into a separation agreement which provided for payments of $25 weekly for the support and maintenance of the children until both of them reached the age of twenty-one, married or died. The agreement was not introduced in the divorce proceedings nor incorporated by reference in the original decree. The basis of the present petition to modify lay in the death in December, 1962, of the petitioner's father, who had been of material financial assistance to her and the children during his life. There is no error in the order increasing the payment for support of the children. The separation agreement did not oust the jurisdiction of the Probate Court under G. L. c. 208, §§ 28, 37, over continuing problems of support of the minor children. *Wilson* v. *Caswell,* 272 Mass. 297, 301–302. See *Freeman* v. *Sieve,* 323 Mass. 652, 656–657.

*Nathan Hillman* for the respondent.

*William Coniaris* for the petitioner.

EDWARD H. BENNETT, JR., & another, trustees, & others *vs.* SUPERIOR COURT. June 29, 1964. Petition dismissed. This petition seeks a writ prohibiting the justices of the Superior Court from exercising jurisdiction over the case of *Stone* v. *Massa,* Suffolk Equity No. 81779. That case is a proceeding for declaratory relief in respect of the obligations and liabilities of persons who have dealt with the affairs of Raimond, Inc. and its stock and assets. For reasons stated in *Bennett* v. *Florence,* decided herewith, see *ante,* p. 707, the declaratory proceeding should not be stayed. We do not reach any other issue.

*John D. Dwyer (Edward H. Bennett, Jr., & Joseph H. Choate, 3rd,* with him) for the petitioners.

*Bernard P. Rome (Joseph R. Standell* with him) for the interveners Judah M. Stone & others.