DOROTHY D. SMITH *vs.* STEWART R. SMITH.

Suffolk. December 9, 1970. — January 15, 1971.

Present: TAURO, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ

*Divorce,* Modification of decree, Alimony, Support of child, Separation agreement.

Where it appeared that a divorce decree incorporated by reference a separation agreement calling for certain payments by the libellee husband for the support of the wife and minor children of the parties, that the libellee subsequently filed a petition for modification including a prayer that the separation agreement be declared void as collusive, contrary to public policy, and illegal, and that warranted findings by the judge supported conclusions by him that such payments were "equitable, reasonable, and proper" and that "solely on that basis" the libellee's petition should be denied, this court held that affirmance of a decree denying it was required irrespective of the validity of the separation agreement.

LIBEL for divorce, filed in the Probate Court for the county of Suffolk on September 27, 1967.

Following a decree of divorce, the libellee filed a petition for modification of that decree. The petition was denied by decree of *Wilson,* J., and the libellee appealed.

*Efrem A. Gordon,* for the libellee, submitted a brief.

*Norman C. Hansen* for the libellant.

SPALDING, J. The parties to this proceeding were divorced by a decree nisi (which has subsequently become absolute) on February 6, 1968. At the time the decree was entered the parties filed a separation agreement which they had entered into through trustees, dated September 26, 1967, covering, among other things, matters relating to property and support. This agreement was "incorporated" in the divorce decree and "made part . . . [thereof] by reference." Under the agreement the libellee (husband) was to pay $30 a month for each of two minor sons until they should become twenty-one; he also agreed to provide for

their college education. The libellant (wife) was to receive $697 monthly for her support, but in no event was she to receive more than one half of the husband's net income after State and Federal income taxes.

On May 27, 1969, the husband filed a pleading entitled "Petition for Modification." It contained a prayer that the agreement which was incorporated by reference in the divorce decree be declared null and void "as being illegal and contrary to . . . public policy," and a prayer for general relief. Additional grounds alleged in the petition for setting aside the agreement were that the husband did not understand it; that his health was such as to make the support provisions unfair; and that there had been substantial changes in the financial situation of the husband and wife since the divorce decree was entered.

The findings of the judge need not be set forth at length.[1] They dealt for the most part with the financial resources and requirements of the wife, and the husband's current earning power. After setting forth these matters in considerable detail, the judge concluded that "payment by the . . . [husband] of one half of his current net income, plus $30 monthly for each of the two minor children . . . [was] equitable, reasonable, and proper. Solely on that basis, and without any express findings as to the legality of the . . . [agreement] as such, which may or may not be a proper subject for an appropriate equity proceeding, . . . [he was denying] the Petition for Modification of the February 6, 1968 decree nisi at this time." From a review of the evidence, we are of opinion that the findings and conclusions of the judge cannot be said to be plainly wrong.

The principal argument of the husband is that the agreement was collusive and should have been declared void on grounds of public policy. In support of this argument the husband directs our attention to paragraph 12 of the agreement which provides that the "wife shall forthwith proceed with a libel for divorce on the ground of cruel and abusive

---

[1] The judge upon request made a report of material facts. The evidence is reported.

treatment . . . , and the Husband will not contest said libel." Such an agreement, it is argued, is a collusive compact to compel the court to act upon a partial disclosure of the real facts by withholding a defence which might prevent a divorce, thereby working a fraud on the court; it would permit parties virtually to dissolve the marital relationship by agreement.

In our view of the case we do not reach that question. The judge made it clear that his basis for denying the petition was not the agreement. After stating that an award granting the wife one half of the husband's net income for her support and $30 monthly for the support of each of the minor children was "equitable, reasonable, and proper," he said that "solely on that basis" he had denied the petition. Although the petition sought to have the agreement declared null and void, it was essentially, as designated in the caption, a petition for modification of the alimony and support provisions of the original divorce decree. It is to be noted that that decree adopted the support provisions of the agreement since it incorporated the agreement by reference. Thus the support provisions for both the wife and children became part of that decree. It is settled that a separation agreement does not deprive the Probate Court of its power to modify its decree relating to alimony for the wife or support for the children. G. L. c. 208, §§ 28, 37. *Wilson* v. *Caswell,* 272 Mass. 297. *Freeman* v. *Sieve,* 323 Mass. 652, 656–657. *Kates* v. *Kates,* 347 Mass. 783. *Buchanan* v. *Buchanan,* 353 Mass. 351, 352. "The judge may give due consideration to such contracts when they are free from fraud, collusion or coercion, but his power is not abrogated. He is required to use his sound discretion and best judgment in passing on the question." *Oakes* v. *Oakes,* 266 Mass. 150, 152. Thus to modify the provisions for alimony and support incorporated in the divorce decree it was not necessary for the judge to set aside or revise the agreement. It was only necessary for him to decide whether the provisions incorporated by reference in the original decree should continue or be altered. The judge, therefore,

quite properly declined to pass on the validity of the agreement as such, for even if the agreement were set aside it would not affect the original decree if, as he found, its alimony and support provisions were "equitable [and] reasonable."

*Decree affirmed.*

*Costs and expenses of appeal may be allowed to appellee or her counsel in the discretion of the Probate Court.*