ELIZABETH Y. CANNON *vs.* DELANO C. CANNON. September 24, 1974. The respondent, formerly the husband of the petitioner, has appealed from an order or decree of a Probate Court which "denied" his plea to the jurisdiction of the court with respect to a petition described in the petitioner's brief as one "seeking to modify a divorce decree from the State of Nevada dated September 11, 1962." No question is presented as to the appeal's being properly here. 1. Whatever the parties may have intended by the proviso to the fourteenth paragraph of their separation agreement dated August 2, 1962 (see *Surabian* v. *Surabian,* 362 Mass. 342, 345 [1972]), the Nevada decree (entered following proceedings at which both parties filed appearances and were represented by counsel) explicitly provided that "the aforesaid agreement shall survive this decree and all of the terms thereof shall remain in full force and effect." See *Ballin* v. *Ballin,* 78 Nev. 224, 229-231, 232 (1962); *Rush* v. *Rush,* 82 Nev. 59, 60 (1966). Contrast *Day* v. *Day,* 80 Nev. 386, 389-390 (1964). Accordingly, for that reason alone, the Probate Court was without jurisdiction to modify the terms of either the original 1962 agreement or the 1965 amendment thereof, which, for all that appears, arose solely through the voluntary act of the parties. *Schillander* v. *Schillander,* 307 Mass. 96, 98-99 (1940). Compare *Whitney* v. *Whitney,* 316 Mass. 367, 370-371 (1944); *Freeman* v. *Sieve,* 323 Mass. 652, 657 (1949); *Jones* v. *Jones,* 86 Nev. 879, 883-884 (1970). 2. As the Nevada decree cannot, under authorities cited, be construed as ordering the respondent to comply with the terms of the 1962 agreement, the petition cannot be maintained under G. L. c. 208, § 35 (as amended by St. 1950, c. 57) as one to enforce that decree. Contrast *De Gategno* v. *De Gategno,* 336 Mass. 426 (1957); *Holsinger* v. *Holsinger,* 357 Mass. 1 (1970). 3. The provisions of G. L. c. 208, § 37, apply, by their terms, only to Massachusetts decrees. See *Gosselin* v. *Gosselin,* 1 Mass. App. Ct. 146, 147-149 (1973). 4. As the parties appear to be no longer married, we do not reach any question of jurisdiction under the second sentence of the second paragraph of G. L. c. 215, § 6, as originally inserted by St. 1933, c. 237, § 1, and as now appearing in St. 1973, c. 1114, § 63. *Whitney* v. *Whitney,* 316 Mass. 367, 372 (1944). *Seltmann* v. *Seltmann,* 322 Mass. 650, 652-654 (1948). The order or decree overruling the plea

to the jurisdiction is reversed; a new order or decree is to be entered sustaining the plea; the petition is to be dismissed.  *So ordered.*

The case was submitted on briefs.
*C. Michael Sheridan* for the respondent.
*Robert Athos* for the petitioner.