Rescript Opinions.

JOHN A. GUNTER *vs.* KATHLEEN N. GUNTER. March 31, 1975. Although the separation agreement between the parties dated March 13, 1973, did not expressly provide that it should survive the entry of a decree in any divorce proceedings which might thereafter be instituted, we think it did so by implication when it provided that the stipulated monthly payments by the husband should "continue until the death or *remarriage* of ... [the] wife" (emphasis supplied). See and compare *Whitney* v. *Whitney,* 316 Mass. 367, 370-371 (1944); *Freeman* v. *Sieve,* 323 Mass. 652, 656 (1949); *Hills* v. *Shearer,* 355 Mass. 405, 408-409 (1969); *Surabian* v. *Surabian,* 362 Mass. 342, 345 (1972). Contrast *Kerr* v. *Kerr,* 236 Mass. 353, 355 (1920). The decree nisi obtained by the wife on December 5, 1973, did not expressly order the husband to comply with the support provisions of the agreement. Compare *Hathaway* v. *Rickard,* 323 Mass. 501, 503 (1948). Contrast *Fabrizio* v. *Fabrizio,* 316 Mass. 343, 344, 347 (1944); *De Gategno* v. *De Gategno,* 336 Mass. 426, 429 (1957). Although the decree (from which no appeal was taken) referred to the agreement and purported to incorporate the same by reference (see *Smith* v. *Smith,* 358 Mass. 551, 553-554 [1971]), we think it did so only by way of explaining why no order was being entered for the support of the wife and minor child. Accordingly, the court was without jurisdiction to grant the prayers of the former husband's present petition for modification of the support provisions of the agreement. *Schillander* v. *Schillander,* 307 Mass. 96, 98-99 (1940). *Whitney* v. *Whitney,* 316 Mass. 367, 371 (1944). *Freeman* v. *Sieve,* 323 Mass. 652, 657 (1949). *Cannon* v. *Cannon,* 2 Mass. App. Ct. 874 (1974). It has not been argued that the judge erred in refusing to disturb the custody provisions of the 1973 decree.

*Decree affirmed.*

*Walter E. Palmer (Robert G. Cohen* with him) for the petitioner.

BRIAN ADAMS *vs.* JOSEPH P. O'LOUGHLIN. March 31, 1975. The plaintiff's motion to increase the ad damnum in the writ was properly allowed for the reasons stated by the trial judge in his memorandum and order thereon. Judgment is to be entered for the plaintiff on the verdict returned by the jury. The plaintiff is to have double costs from September 3, 1974, together with interest from that date on the amount of the verdict (and on the interest thereon), to be computed at the rate of twelve per cent per annum. G. L. c. 211A, § 15. *J. L. Vaughan Heating & Engr. Co. Inc.* v. *Cantor, ante,* 709 (1975).

*So ordered.*

*Richard P. Kelleher* for the defendant.
*Sebastian J. Ruggeri* for the plaintiff.