LEEBA A. MANES *vs.* PETER R. MANES.

Middlesex.    March 5, 1976. — May 4, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER, & KAPLAN, JJ.

*Divorce,* Modification of decree, Support of child, Separation agreement. *Minor. Probate Court,* Report.

A document entitled "Reservation and Report," filed by a Probate Court judge without filing a requested report of material facts and following a final decree and a claim of appeal, did not comply with G. L. c. 215, § 13, and was not properly before this court. [236-237]

With respect to a decree of divorce under G. L. c. 208, § 28, entered in 1971, and to a separation agreement filed therewith and incorporated by reference and providing that the husband would pay his wife a weekly sum for the support and maintenance of each of their "minor children" during each child's "minority," it was held that the Probate Court had jurisdiction of the wife's petition filed in 1974 for modification of the child support provisions of the divorce decree, not only as to future payments but also as to arrears, and that such decree was not automatically modified on January 1, 1974, by statutes effective on that date changing the age of majority from twenty-one to eighteen years of age; a decree upon the wife's petition, entered shortly after the oldest child became eighteen and modifying the divorce decree by terminating maintenance for each child on the "child's eighteenth birthday," was vacated and the case remanded for further proceedings. [237-238]

LIBEL for divorce filed in the Probate Court for the county of Middlesex on June 24, 1971.

A petition for modification of the decree was heard by *Martin,* J., and the proceeding was reported by him to the

Appeals Court. The Supreme Judicial Court granted a request for direct review.

*Michael G. Tracy* for Leeba A. Manes.

*E. Seavey Bowdoin* (*John F. Lombard* with him) for Peter R. Manes.

BRAUCHER, J.   This case is similar to *Orlandella* v. *Orlandella, ante,* 225 (1976), decided today, where we held that the statutes reducing the age of majority from twenty-one to eighteen did not of themselves modify the child support provisions of divorce decrees entered before January 1, 1974, the effective date of the change. An additional element is presented, however, by the fact that the decree in the present case incorporated by reference a separation agreement between the parties. We hold that that fact makes no difference.

The parties were divorced in 1971, and the separation agreement was filed with the decree and incorporated in it. The agreement provided that the husband would convey certain property to the wife and make certain payments in lieu of alimony, support, counsel fees and expenses, would pay her "for the support and maintenance of each of the minor children" $33.33 "per week during their minority for each child," and would "pay for Blue Cross and Blue Shield coverage for each of the children during their minority, together with major medical coverage." There were three minor children, the oldest of whom became eighteen on February 12, 1975. On February 8, 1974, the wife sought a modification of the child support provisions of the divorce decree. The case was heard on the merits in August, 1974, and a decree was entered in June, 1975, modifying the divorce decree to provide for weekly payment by the husband of $60 "for the maintenance of each of their minor children until child's eighteenth birthday" plus medical and dental expenses and counsel fees.

The wife requested a report of material facts and claimed an appeal. The judge did not file such a report, but did file a document entitled "Reservation and Report." "Before spelling out the complicated factual situation," the

judge stated, he "seeks guidance as to whether or not the underlying decree of June 24, 1971 contains any order of the Court with respect to child support which can be modified by the Court." He described the decision in *Gunter* v. *Gunter*, 3 Mass. App. Ct. 729 (1975), and noted that the present "case does not come strictly within the purview of" G. L. c. 215, § 13, on reservation and report, since a final determination had been made. He asserted a need for "enlightenment" in view of the "confusion" among probate judges and the "doubtful validity" of many outstanding decrees.

The parties agree that the issues raised by the *Gunter* case were not addressed by them or by the judge at the time of trial. Both argue that those issues need not be resolved in the present case. In this situation we think it inappropriate to address those issues. We hold that the judge's "Reservation and Report" does not comply with G. L. c. 215, § 13, and is not properly before us. We reject the suggestion that a question of jurisdiction is presented such as to justify its consideration on our own motion. There is no doubt that the Probate Court had jurisdiction of the parties and the subject matter. "It is settled that a separation agreement does not deprive the Probate Court of its power to modify its decree relating to alimony for the wife or support for the children." *Smith* v. *Smith*, 358 Mass. 551, 553 (1971). The court had jurisdiction to interpret its prior decree and to modify it. G. L. c. 208, §§ 28, 37. Cf. *Whitney* v. *Whitney*, 316 Mass. 367, 371 (1944).

Thus the case is governed by our decision in *Orlandella* v. *Orlandella, supra.* The 1971 decree was not automatically modified on January 1, 1974. The judge had full power to modify the decree not only as to the future, but also as to arrears. In exercising that power, he could give such weight as he saw fit to the change in the legal climate. Today he can also give such weight as he sees fit to St. 1975, c. 661, § 1, amending G. L. c. 208, § 28. None of the statutes compels modification of the 1971 decree.

We do not pass on any question with respect to the interpretation of the separation agreement or its effect in

any other proceeding. Under our former practice, if the agreement continued in effect after the divorce decree, it might remain valid and might still be enforced in an action at law after the decree. *Schillander* v. *Schillander,* 307 Mass. 96, 98 (1940). As to enforcement in equity, see *Whitney* v. *Whitney,* 316 Mass. 367, 372 (1944). No such claim was presented to the Probate Court, and no issue relating to such a claim is before us.

The decree appealed from is vacated and the case is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*