BARBARA A. BOZYCZKO FEAKES *vs.* JOHN S. BOZYCZKO.

Berkshire.    February 8, 1977. — November 10, 1977.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Divorce,* Separation agreement, Support of child.    *Contract,* Separation
    agreement.    *Minor.    Words,* "Majority."

In an action seeking a declaration that the term "majority" in a sepa-
    ration agreement and divorce decree required the former husband to
    continue payments for the support of each child until each reached
    the age of twenty-one, a probate judge erred in finding that the hus-
    band was "legally excused" as a result of the intervening enactment
    of St. 1973, c. 925, § 1, from making payments for the support of a
    child who had reached the age of eighteen. [636-638]

PETITION filed in the Probate Court for the county of
Berkshire on June 28, 1974.

The case was heard by *Nuciforo,* J.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Daniel A. Ford* for the plaintiff.

*Philip S. Shaw* for the defendant.


LIACOS, J.    This case involves the application of St.
1973, c. 925, § 1 — which decreased the age of majority in
Massachusetts from twenty-one to eighteen years — to the
duty of a former husband to provide child support under
a separation agreement and divorce decree in effect prior
to the effective date of the statute. The former wife (plain-
tiff) filed a petition in the Probate Court for Berkshire
County for a declaratory judgment that the term "ma-
jority" in the separation agreement and divorce decree
required the former husband (defendant), to continue
payments for the support of each of their three children
until each child reached the age of twenty-one. The pro-
bate judge held that the former husband was "legally

Feakes *v.* Bozyczko.

excused" from making payments to the plaintiff for the support of their eldest child after the child's eighteenth birthday. The plaintiff appealed from this judgment.[1] Having transferred the appeal here on our own motion, we now vacate the judgment of the Probate Court.

A decree nisi was entered on June 8, 1971, granting the plaintiff's libel for divorce and directing the defendant to make weekly payments of $20 to the plaintiff for the support of each of their three children "until each said child reaches majority, is self supporting, is married, or shall die, whichever occurs sooner." On the day before the decree nisi was entered, the parties executed a separation agreement which among other things provided for child support payments. The agreement was incorporated in the decree nisi by reference. The plaintiff's declaratory judgment action called on the probate judge to determine the meaning of the term "majority" as used in the separation agreement and as incorporated in the divorce decree. For our present purposes, we need focus only on the separation agreement.[2]

---

[1] The plaintiff's appeal in this case was consolidated with her appeal from the probate judge's dismissal of her petition for modification of the child support provisions in the divorce decree. The plaintiff sought to have the decree modified to compel the defendant to make support payments to her for each child up to age twenty-one. The plaintiff failed to file a timely notice of appeal from the dismissal of her petition for modification. G. L. c. 215, § 9; Mass. R. A. P. 4, 365 Mass. 846 (1974). The plaintiff also neglected to seek an extension of time from the Probate Court for filing the required notice, Mass. R. A. P. 4. Nor did she seek an order from an appellate court or a single justice thereof to enlarge the time for filing the notice of appeal. Mass. R. A. P. 14 (b), 365 Mass. 859 (1974). The plaintiff's appeal from the dismissal of her petition for modification of the divorce decree is therefore not properly before us. The docket entries show, on the other hand, that the judgment in the declaratory judgment proceeding was entered on December 3, 1974, and the appeal therefrom was timely filed. Hence this appeal is properly before us. Since the declaratory judgment action presents all issues involving both the separation agreement and the divorce decree, the technical bar to consideration of the petition for modification of the divorce decree is of no consequence to our disposition of the case.

[2] In his brief "Memorandum of Case" accompanying the findings of fact, the probate judge described the divorce decree as having "incorporated" the separation agreement. Although the judge did not explic-

Feakes *v.* Bozyczko.

As in other circumstances where a contract term employed by the parties leaves their obligations in doubt, the court, in construing a separation agreement, will place itself in the position occupied by the parties. To accomplish this, the court will examine the subject matter of the agreement and the language employed, and will attempt to ascertain the objective sought to be accomplished by the parties. Cf. *deFreitas* v. *Cote,* 342 Mass. 474, 477 (1961); *McQuade* v. *Springfield Safe Deposit & Trust Co.,* 333 Mass. 229, 233 (1955); *Malaguti* v. *Rosen,* 262 Mass. 555, 560 (1928). See generally *Hills* v. *Shearer,* 355 Mass. 405, 408 (1969); *Freeman* v. *Sieve,* 323 Mass. 652, 656 (1949).

---

itly so find, it would appear that he and the parties assumed that the agreement survived the subsequent divorce decree and was not merged into the decree. See *Surabian* v. *Surabian,* 362 Mass. 342, 345-346 n.4 (1972) ("as a general rule, unless the parties expressly provide otherwise, their separation agreement will be held to survive a subsequent divorce decree incorporating by reference the terms of the agreement"). Accord, *Freeman* v. *Sieve,* 323 Mass. 652, 656 (1949). It follows that the separation agreement could be separately enforced in an action at law, *Schillander* v. *Schillander,* 307 Mass. 96, 98 (1940), or in equity, *Whitney* v. *Whitney,* 316 Mass. 367, 372 (1944); *Manes* v. *Manes,* 370 Mass. 235, 238 (1976). The requirement that the Probate Court give full effect to the intention of the parties as expressed in the separation agreement, *Schillander, supra* at 98-99, does not, of course, limit that court's power to modify the subsequent divorce decree as the changed circumstances of the parties, *Ryan* v. *Ryan,* 371 Mass. 430, 432 (1976), or the changed "legal climate," *Manes, supra* at 237, appear to the court to require. The petition for declaratory judgment in the instant case sought a declaration of the meaning of the term in the separation agreement which was subsequently incorporated by reference in the divorce decree. It is therefore appropriate to consider as an initial matter the term's meaning in the agreement. In the view we take as to the basis of the probate judge's interpretation of the term used in the agreement, we need not consider whether the judge was constrained to interpret the term incorporated into the decree consistently with the term's meaning in the agreement. We note, however, that as a result of the decision in this appeal, the plaintiff is entitled to file a new petition to modify the decree entered on November 15, 1974. The record suggests that the decree entered on November 15 was so entered on the same basis as the judgment here under appeal. The filing of a petition for modification would give the probate judge an opportunity under the authorities cited in this footnote to conform the decree to the judgment required by this opinion.

The dispute here centers on a provision in the agreement which fixes the juncture at which the defendant's obligation to make child support payments to the plaintiff will terminate. In June, 1971, when the agreement was executed, twenty-one was the established age at which parental authority and the common law duty of support ceased. *Oliveria* v. *Oliveria*, 305 Mass. 297, 299 (1940). Effective on January 1, 1974, the age of majority was decreased to eighteen by the enactment of St. 1973, c. 925, § 1, adding cls. Forty-eighth through Fifty-first to G. L. c. 4, § 7. As a general rule, the law existing at the time an agreement is made necessarily enters into and becomes part of the agreement. *Wood* v. *Lovett,* 313 U.S. 362, 370 (1941). *Home Bldg. & Loan Ass'n* v. *Blaisdell,* 290 U.S. 398, 429-430 (1934). *Von Hoffman* v. *Quincy,* 71 U.S. (4 Wall.) 535, 550 (1866). *Maryland-Nat'l Capital Park & Planning Comm'n* v. *Lynn,* 514 F.2d 829, 833 (D.C. Cir. 1975). *N.C. Freed Co.* v. *Governors of the Fed. Reserve Sys.,* 473 F.2d 1210, 1215 (2d Cir.), cert. denied, 414 U.S. 827 (1973). *Denice* v. *Spotswood I. Quinby, Inc.,* 248 Md. 428, 433-434 (1967). *DePaul* v. *Kauffman,* 441 Pa. 386, 398 (1971). *Paul* v. *Paul,* 214 Va. 651, 653 (1974). See 4 S. Williston, Contracts § 615 (3d ed. 1961). In contrast, laws enacted after the execution of an agreement are not commonly considered to become part of the agreement unless its provisions clearly establish that the parties intended to incorporate subsequent enactments into their agreement. *Swenson* v. *File,* 3 Cal. 3d 389, 393 (1970). *Kinney* v. *Kinney,* 48 App. Div. 2d 1002, 1003 (N.Y. 1975). The problem of determining the meaning of the term "majority," as used by the parties in this case, therefore turns on the expectations and intentions of the parties, at the time of agreement, with regard to the future effect of that term.

Unfortunately, the very meager record before us fails to disclose whether the judge reached any conclusion as to the intent of the parties. Nor does the record show that any evidence was offered bearing on the intent of the

parties.[3] There is no indication that the parties to this formal separation agreement used a term with a definite and long established meaning to describe a crucial element of the former husband's obligations with the intention that this term be subject to future legislative redefinition. The record includes a so called "Memorandum of Case" which contains two findings by the judge. The first is that the child in question had reached the age of eighteen. The second is that "the Separation Agreement mandated child support until 'majority' age based on these facts." The judge appears to have based his decision entirely on the belief that St. 1973, c. 925, § 1, required the redefinition of the term "majority" as used in the prior support agreement or divorce decree. That such was the view of the probate judge is further indicated by the judgment which holds that the defendant father is "legally excused" from making further payments as to a child attaining the age of eighteen years. Decisions of this court subsequent to the probate judge's decision make clear, however, that such a ruling is not mandated by the enactment of St. 1973, c. 925, § 1.

In *Orlandella* v. *Orlandella,* 370 Mass. 225, 226 (1976), we held that a support decree entered prior to January 1, 1974, is not automatically modified by the legislative redefinition of the age of majority.[4] Similarly, in a case substantially like this one, we observed that the statutory alteration in the age of majority does not compel a transformation of the terms of a support decree where the decree incorporates by reference a separation agreement between the parties. *Manes* v. *Manes,* 370 Mass. 235

---

[3] The defendant argues that we should "presume" that such evidence was offered and that such evidence "could have" shown the intent of the parties to be the basis of the judge's action. The record contains no such suggestion, but shows that the judge acted on the issue as one not based on the intent of the parties, but as one of law, applying a construction of the statute which we here hold to be erroneous.

[4] In *Orlandella,* we canvassed decisions in other jurisdictions regarding the effect of statutory changes in the age of majority on prior support decrees. *Id.* at 228.

(1976). In both cases we recognized that a probate judge had the discretion to modify a decree issued prior to the effective date of St. 1973, c. 925, § 1; the legislative change in the age of majority might be a factor, but not a determinative one, in that decision.[5] It is even more clear that the statute could not have been intended to alter the terms of independent contracts such as the separation agreement at issue here.

The docket in this case discloses that on December 12, 1974, the plaintiff filed a request for a report of material facts within the time limit imposed by G. L. c. 215, § 11, as then in effect.[6] There is no indication that the judge satisfied his statutory obligation to respond to this request. Even assuming that the judge intended his findings of fact to include all those facts considered material to his decision, see *Sodones* v. *Sodones,* 366 Mass. 121, 126 (1974), we cannot discern any meaning from the cryptic assertion that the defendant's duty under the separation agreement extended to " 'majority' age based on these facts." Since the judge erroneously placed reliance on a supposed retroactive effect of the statute reducing the age of majority to eighteen, the judgment cannot stand. Judgment is to be vacated. A new judgment is to be entered declaring the rights of the parties in a manner consistent with this opinion.

*So ordered.*

---

[5] The judge may modify the decree not only as to the future, but also as to arrears, *Orlandella, supra* at 230; *Manes, supra* at 237. Moreover, the judge "may make appropriate orders of maintenance, support and education of any child who has attained age eighteen but who has not attained age twenty-one and who is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance." G. L. c. 208, § 28, as amended through St. 1976, c. 279, § 1. Compare Pettoruto, The New Age of Majority and Support Orders, 59 Mass. L.Q. 271, 272 (1974).

[6] Section 11 was amended by St. 1975, c. 400, § 58, effective July 1, 1975, to conform to the Massachusetts Rules of Domestic Relations Procedure, also effective July 1, 1975.

We note that the record is silent with regard to the appointment of any stenographer or the waiver of any transcript of evidence on appeal. Cf. *Sodones* v. *Sodones,* 366 Mass. 121, 125-126 (1974).