Under a divorce judgment nisi made final in April of 2007, the defendant (father) was required to pay $567 per week in child support. In 2013, the plaintiff (mother) filed a complaint for modification seeking to increase that amount. After trial, a Probate and Family Court judge issued a modification judgment that entered on March 26, 2015. Pursuant to a motion for clarification filed by the mother, the same judge on June 29, 2015, entered an order amending the terms of the modification judgment in certain respects. Unhappy with the result, both parties appealed. For the reasons set forth below, we dismiss the mother's appeal as not properly before us, and, finding insufficient merit in the father's own appeal, we affirm the modification judgment as amended.
The timeliness of the appeals. The father filed two notices of appeal. First he filed one on March 31, 2015 (five days after entry of the original modification judgment). Second, after the modification judgment itself was amended, the father filed a second notice of appeal on July 24, 2015 (twenty-five days after entry of the order amending that judgment). His appeal therefore was timely. See Mass.R.A.P. 4(a), as amended, 464 Mass. 1601 (2013).
The mother filed a single notice of appeal on March 3, 2016. This was 343 days after entry of the original modification judgment, 248 days after entry of the order amending the modification judgment, and 223 days after the father's appeal of the latter. Hence, her appeal indisputably was significantly late (regardless of whether her motion for clarification tolled the deadline for an appeal of the original modification judgment). See Mass.R.A.P. 4(a).
Because the mother had missed the deadline for filing her appeal, she attempted to cure this problem by filing in the Probate and Family Court a motion to file a late appeal. That motion was filed on December 31, 2015, and nominally allowed by a Probate and Family Court judge on March 10, 2016. However, under the express terms of Mass.R.A.P. 4(c), as amended, 378 Mass. 928 (1979), a trial court judge has the authority to allow the filing of a late notice of appeal only "for a period not to exceed thirty days from the expiration of the time otherwise prescribed by [that] rule." Since far more than thirty days had already run by the time the mother's appeal was due, the Probate and Family Court judge had no authority to allow a late appeal, which the judge appeared to acknowledge in his endorsement on the motion.[2] See Eyster v. Pechenik, 71 Mass. App. Ct. 773, 780 (2008). Unaided by a valid extension of the appeal deadline, the mother's appeal was untimely, and it therefore is not properly before us. Feakes v. Bozyczko, 373 Mass. 633, 634 n.1 (1977).[3]
The merits of the father's appeal. We review the judge's decision regarding child support for abuse of discretion. Boulter-Hedley v. Boulter, 429 Mass. 808, 811 (1999). "Where[, as here,] the parties' combined gross income exceeds the maximum level at which the guidelines are strictly applicable, a judge has discretion to adjust upward from the 'minimum presumptive level of support.' " M.C. v. T.K., 463 Mass. 226, 233 (2012), quoting from Adams v. Adams, 459 Mass. 361, 393 (2011). See Massachusetts Child Support Guidelines § II.C (2013) (no presumptive application for portion of combined annual gross income of parties greater than $250,000).
The primary focus of the father's appellate brief is in responding to the mother's untimely appeal. Indeed, the father presses his own appeal in only four pages of that brief, with approximately one-half of those four pages comprised of boilerplate recitations of the applicable standards of review. Nothing included in the remaining two pages persuades us that the judge abused his discretion in setting the amount of support the father was required to pay. Before turning to the father's arguments, we first provide relevant background.
The original modification judgment ordered the father to pay base child support of $713 per week, plus twenty percent "of all [of the father's] gross income." This judgment was accompanied by a "rationale" which indicated that the judge had intended to set base child support keyed to an income of $250,000 per year, with the twenty percent above that to be applied only to the father's income above $250,000 (not all of his income). The mother pointed out this apparent inconsistency in her motion to clarify (even though, strictly speaking, this was against her interest). She also pointed out that if the base child support was keyed to what the guidelines would generate for the first $250,000 of income, then the proper figure would be $772 per week, not the $713 figure that the judge used. Thus, the mother was arguing that, consistent with his rationale, the judge should have set the base child support at $772 per week, plus twenty percent of any income above $250,000. Instead, what the judge did in the amended modification judgment was to keep the base child support at $713 (a figure that corresponds, under the guidelines, to the $226,564 annual base income reported by the father), with the additional twenty percent to apply to income above $226,564.
The father's lead argument is that, under the guidelines, the judge should have ordered that the twenty percent figure apply only to income above $250,000, not $226,564 (the base salary on which the base child support of $713 was set). In this manner, however, additional income between $226,564 and $250,000 would not have been subject to any increased child support, a result that the judge plainly did not intend. We further note that if the $250,000 threshold had been chosen, then the base weekly child support presumably would have been raised. The father has not addressed this issue. In short, the father has not shown that the judge abused his discretion in intending and ordering that the twenty percent be applied to income over the father's base income of $226,564.
The father additionally argues that having increased his child support obligations, the judge should not additionally have ordered him to pay some or all of certain medical, educational, and travel expenses incurred by the child. He suggests that in setting his obligations, the judge relied solely on the increases to the father's income, paying scant attention to other relevant factors.[4] According to the father, this had "the effect of constructively distributing [his] estate." Smith v. Edelman, 68 Mass. App. Ct. 549, 554 (2007).
The arguments that the father makes in this vein are stated in conclusory terms with negligible attention to either the facts of this case or the orders issued by the judge. As such, the father's contentions do not rise to the level of appellate argument required by Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975). Apart from that problem, the father's arguments do not demonstrate that the judge abused his discretion.
Plaintiff's cross appeal dismissed.
Modification judgment, as amended by order entered June 29, 2015, affirmed.

The endorsement read: "The motion is allowed (so long as the Appeals Court has no objection)."

Following oral argument, the mother filed a motion seeking after-the-fact approval to file a late appeal. She argues that where the notice of appeal was filed within one year of the judgment from which she seeks to appeal, we have the authority to allow her motion nunc pro tunc. See Commonwealth v. White, 429 Mass. 258, 263-264 (1999). Assuming that to be true, we are unpersuaded that the mother has shown "good cause" for the delays. See Mass.R.A.P. 14(b), as amended, 378 Mass. 939 (1979). We therefore deny her motion.

We note that the case law well recognizes that, in considering whether to increase child support based on an increase in the disparity between the parent's respective incomes, the guidelines "allow a child to benefit from one parent's higher income and avoid a 'gross disparity' of standard of living." M.C. v. T.K., 463 Mass. at 235.