Shaw C. J.
delivered the opinion of the Court. Questions of legal settlement have very properly been held to depend upon'a strict and precise application of the rules of positive law. Towns being under no obligation to support paupers, except that created by law, a casé must be brought strictly within the provisions of the law, before the obligation arises, and approximation, however near, will not be sufficient.[1] Like the case of coming of age, or the period of limitation, for convenience and certainty an exact term is fixed, upon the arrival of which the right or obligation attaches, and not till then.
It is contended that Peter Hunt had a settlement in Boston ; and this is the only question between the parties ; for if he had not a settlement there, it is quite immaterial to this áetion, whether he had any other settlement.
By the statute of 1692, (Anc. Chart. 251,) a residence of three months in a town, without being warned out, gave a settlement ; and by the statute of 1701, (Anc. Chart. 364,) the term was extended to twelve months ; and so the law continued until the 10th of April, 1767. By the statute of that year, (Anc. Chart. 663,) mere residence, whether the person was warned out 'or not, would not give a settlement.
The warning given to Hunt and his family in 1768, may be laid out of the casé, the statute last cited rendering it wholly nugatory.
The question is, whether Hunt gained a settlement by a residence in Boston, one year prior to the 10th of April, 1767. It has been held, that the residence must be by a person competent to fix the place of his residence at his own will, and therefore cannot commence till he is twenty-one years of age ; and that his being married under age, does not alter his ca *525 pacity in this respect. Taunton v. Plymouth, 15 Mass R. 203. But for the change of style, Hunt would have resit/ed in Boston one year after he came of age and before the of April, 1767. The act of parliament, adopted in this province, by which the style was changed, (in 1751,) enacted that the natural day next following the 2d day of September, 1752, should be called and accounted the 14th day, omitting the eleven intermediate nominal days, and so in succession. After various provisions regulating the times when contracts and notes should become due, the meetings of courts and other public bodies, and divers other rights, duties and subjects affected by this change, it was further declared, that nothing in the act should extend to accelerate or anticipate the time of attaining twenty-one years of age, by any person then born ; and that no person should be deemed to have attained the age of one and twenty years, until the full number of years and days should have elapsed on which such person would have attained such age, in case the act had not been passed. Anc. Chart. 579. This is decisive. Hunt was born the 4th of April, 1745 ; he became twenty-one years old the 4th of April, 1766, old style, to which are to be added eleven days, making it the 15th. Of course on the 10th of April, 1767, he had not resided in Boston one year, by the space of four days, and consequently had not acquired a settlement by a year’s residence prior to that day.

Nonsuit made absolute.

 See Monson v. Chester, 22 Pick. 388.