STATE TO USE OF GILBREATH, PLAINTIFF IN ERROR V. BUNCE ET AL.

**Conflict of Laws**: INFANCY: An order of a court of another state made in conformity to a statute of that state, and purporting to relieve an infant residing in that state from the disability of non-age, can have no operation in Missouri.

*Error to Cooper Circuit Court.*—HON. GEORGE W. MILLER, Judge.

*Rice and Johnson* for plaintiff in error.

The State of Arkansas possesses exclusive sovereignty and jurisdiction within its own territory, over all persons resident therein. Story on Con. of Laws, 7th Ed., § 18; *Minor v. Cardwell*, 37 Mo. 350. Relator being a citizen of Arkansas, and a minor, the probate court, by the terms and for the purposes contemplated in the act, was possessed of jurisdiction over him, and properly exercised the power conferred in removing his disability of non-age. The status of every person is determined and governed by the law of his domicil. Story on Con. of Laws, 7th Ed., §§ 18, 66, 55. Personal and movable property is governed by the law of the domicil of the owner, wherever it may be situated. *Minor v. Cardwell, supra.* Relator being of the age of majority for the purpose of demanding, suing for and collecting the claim in suit, under the law of Arkansas, is also of legal age for this purpose in Missouri. Story on Con. of Laws, 7th Ed., § 51. Hence, though a minor under the age of 21 years, he has a right and the rule of comity, between this State and Arkansas, accords to him age of majority for the purpose specified; and for the purpose in this suit, he is to be regarded as of the age of majority.

*Draffen & Williams* for respondent.

The order of the probate court of Arkansas, acting under the act of the Legislature of that State, could have no extra

territorial force, and is of no validity in Missouri. Story on Con. of Laws, 3rd Ed., p. 189, § 103. The order of the probate court of Arkansas does not purport to declare Willie Gilbreath of age, nor is it to have any effect in that state. It relates purely to property in Missouri, and is an attempt by the courts of Arkansas to annul a statute of our state, and hence is of no validity here. W. S., p. 672, § 1; p. 681, § 48. Each state is sovereign within its own jurisdiction, and its laws are supreme as to property within its limits, and a mere order of a foreign tribunal authorizing the relator to do an act, which our law says he is incapacitated to do, can have no effect here. Certainly the "*lex fori*" governs as to the proceedure and practice in this case. That the relator is an infant appears upon the face of the petition, and he does not appear by next friend, and this alone is sufficient ground for demurrer. *Higgins v. Hannibal & St. Joe. R. R.*, 36 Mo. 418.

SHERWOOD, C. J.—Suit upon the defendant's bond as curator of the estate of the relator. The petition avers that the relator, Willie Gilbreath, is an infant, under the age of twenty-one years, and is now a resident of Washington county, in the State of Arkansas, and that Bunce is the curator of his estate, acting under appointment of the probate court of Cooper county, Missouri, and has in his hands, as curator, notes and money amounting to the sum of two thousand dollars; that the General Assembly of the State of Arkansas by an act approved February 18, 1869, entitled "An act to confer upon the probate and circuit courts of the State of Arkansas certain powers for removing legal disabilities of minors;" empowered the several probate courts of the state to authorize any person who is a resident within their jurisdiction, and who is under twenty-one years of age, to transact business in general, or any particular business specified, in like manner and with like effect as if the act or thing was done by a person above that age, and that such act should have the same

force and effect as if done by a person of full age; that in pursuance of said act the probate court of Washington county, Arkansas, at its September term, 1875, ordered and adjudged that the disability of non-age of said Willie Gilbreath be removed, "so far as to authorize him to demand, sue for and receive all moneys belonging to him in the State of Missouri, in the hands of his curator or any other person, and to execute releases therefor in the same manner as if he was of full age;" that by virtue of said act and judgment the legal disability of non-age was removed so far as to authorize him to demand, sue for and receive all money belonging to him in the hands of his curator in the State of Missouri. The petition then sets out the bond of defendant Bunce, as curator, and for breach thereof, alleges the refusal of Bunce to pay over the money upon demand, and asks judgment for the amount in his hands. The suit is prosecuted by plaintiff in his own name and he appears thereto by attorney.

The defendants demurred to this petition, alleging as grounds thereof, that the petition showed upon its face that Willie Gilbreath was an infant under 21 years of age, and that he could not prosecute this suit by attorney, but must do so by next friend; that it also showed that Bunce was lawfully possessed of the money, and therefore stated no cause of action; that the act of the Legislature and the order of the probate court of Arkansas was of no validity in this state, and could not affect the property under Bunce's control; and lastly, because the petition stated no cause of action. The petition was held insufficient, final judgment entered for defendant, and the case comes here by writ of error. The demurrer was well taken in that the petition showed upon its face that the party to whose use this suit is brought, is an infant under the age of 21 years, and does not appear by guardian in conformity to statutory regulation. (§ 6, p. 1014, Wag. Stat.; Ib. § 1, *et seq.*, p. 1003; *Higgins v. R. R. Co.*, 36 Mo. 419; *Jones v. Steele; Ib.* 324; *Copeland v. Yoakum*, 38 Mo. 349.) But the

demurrer was well taken for a far weightier reason, a reason going to the very foundation of the suit. The Legislature of Arkansas did not possess the power to pass a law to override and control our laws; no more could it authorize the probate court of Washington county to do this. (*Smith v. McCutchen*, 38 Mo. 415; Story on Con. of Laws, §§ 539, 18, 103.) Our own statutes (1 Wag. Stat., p. 672, § 1, and p. 681, § 48,) provide when infants shall attain their majority, and they must be our guide, and not the laws that emanate from a foreign jurisdiction. Judgment affirmed. All concur.

