JONATHAN LIVERMORE RUSSELL vs. RICHARD H. LOVELL
& another, guardians.

Middlesex.    September 13, 1972. — January 11, 1973.

Present: TAURO, C.J., QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Guardian*, Of foreign domiciliary.  *Conflict of Laws.  Constitutional
Law*, Full faith and credit.  *Minor*.

The law of the jurisdiction creating a guardianship over property of
    a minor and not the law of his domicile determines the age of
    majority.  [795–797]
The "full faith and credit" clause of the Federal Constitution does not
    compel Massachusetts to apply Vermont law, making eighteen the
    age of majority, rather than its own law, in determining when a
    guardianship created in Massachusetts over property owned by a
    Vermont domiciliary should terminate.  [797]

PETITION filed in the Probate Court for the county of
Middlesex on July 23, 1971.

The case was heard by *Freedman*, J.

The case was submitted on briefs.

*Guy A. Petralia* for the petitioner.

*Richard W. Renehan & William F. Weld* for the
respondents.

HENNESSEY, J.  This is a petition brought in the Pro-
bate Court by a minor ward praying for an accounting
and the distribution to him of his property held by his
guardians.  The petitioner was born on May 20, 1952.
The respondents were appointed guardians of the peti-
tioner on August 29, 1967, by the Probate Court for
Middlesex County, at which time the petitioner was a
resident of Massachusetts.  For the past two years the
petitioner has been domiciled in the State of Vermont.
Vermont Sts. Ann. Title 1, § 173,[1] reads as follows:

---

[1] This section was amended effective March 29, 1972, but the sub-
stance of the amendment in no way would affect the outcome of this
case.

"Persons of the age of eighteen years shall be considered of age and until they attain that age, shall be minors. Whenever referred to in the laws of this state, a person who is an adult or who has reached majority shall be a person of eighteen years of age or more."

After hearing, the petition was dismissed, and the petitioner appealed.

The Massachusetts statutes provide that the Probate Court may appoint guardians of minors who are residents in the county or who reside out of the Commonwealth and have an estate within the county. G. L. c. 201, § 1. It is further provided that the guardian of a minor unless sooner discharged shall continue in office until the minor reaches the age of twenty-one. G. L. c. 201, § 4. The question for decision is whether the Vermont statute, which appears to discharge all minors from guardianship at age eighteen, or the Massachusetts statute is applicable to this case.

1. We conclude that the judge was correct in determining that the petitioner is not entitled to an accounting and distribution of the property until he reaches the age of twenty-one. Consequently there was no error in the dismissal of the petition.

Although this is a case of first impression in Massachusetts, other jurisdictions have confronted this issue and are divided. It appears that New York and Tennessee would hold that the law of the domicil of the ward should govern as to the issue of minority. *In the Matter of Honeyman,* 117 Misc. (N. Y.) 653, affd. 202 App. Div. (N. Y.) 728. *Woodward* v. *Woodward,* 87 Tenn. 644. Under this position, the petitioner herein would prevail. On the other hand, Missouri and Oklahoma would apply the law of the jurisdiction creating the guardianship. *Gilbreath* v. *Bunce,* 65 Mo. 349. *Dudding* v. *Pittman,* 138 Okla. 222. Under this position, the petitioner's request for an accounting and distribution of his property would fail.

Our case of *Talbot* v. *Chamberlain,* 149 Mass. 57, suggests that we would apply the law of the jurisdiction

creating the guardianship. There we said, "a change of . . . domicil by a ward . . . cannot affect his status as a person under guardianship in this Commonwealth" (p. 59), and our courts will recognize the new domicil "except so far as it affects the relation of guardian and ward within this jurisdiction" (p. 60). However, unlike the instant case, the guardianship in the *Talbot* case included custody of the person, and therefore what we said in that case, while helpful, does not necessarily dispose of the instant case, which involves a guardianship of property only. Hence, to buttress our conclusion that Massachusetts law is applicable to this case, we look to the law of conflict of laws as it relates to property.

Property in the custody of a guardian is to an extent similar to property held by a trustee. In *National Shawmut Bank* v. *Cumming*, 325 Mass. 457, we applied our law as the law of the State most substantially related to a trust, where the domicil and place of business of the trustee, the res, and the place of execution and administration were all in Massachusetts, despite the fact that the domicil of the settlor was in Vermont.

Here, the ward was a Massachusetts citizen at the creation of the guardianship, the guardians are a Massachusetts citizen and a bank domiciled and doing business in Massachusetts; the guardianship was created in Massachusetts, and the place of administration is Massachusetts. We think that the guardianship is more substantially related to Massachusetts, and its law should apply.[2]

Our result is also supported by general choice of law principles. See Restatement 2d: Conflict of Laws, § 6. In examining the interests of the States with respect to the issue of minority, we find that Vermont may have a valid interest in ensuring that its domiciliaries receive

---

[2] Further, the terminability of a trust is a matter of administration. See Restatement 2d: Trusts, §§ 334–347; Restatement 2d: Conflict of Laws, § 271, comment a. Matters of administration, in the absence of a designation by the settlor, are determined by the law of the place of administration. *Brandeis* v. *Atkins*, 204 Mass. 471, 476. *Harvey* v. *Fiduciary Trust Co.* 299 Mass. 457, 464. Restatement 2d: Conflict of Laws, §§ 271, 272. In this case Massachusetts is the place of administration.

Indust. Nat'l. Bank of Rhode Island *v.* Leo's Used Car Exchange, Inc.

the property they would have a right to possess under Vermont law. On the other hand, Vermont and Massachusetts are both interested in protecting the probable intent of those who created the guardianship in Massachusetts. It is valid to assume that one who creates a guardianship in Massachusetts would expect that Massachusetts law would apply.

2. Where such a substantial relationship to the transaction exists, the full faith and credit clause of the United States Constitution does not compel Massachusetts to apply the Vermont statute in contravention of its own law. *Pacific Employers Ins. Co.* v. *Industrial Acc. Commn.* 306 U. S. 493, 502.

*Decree affirmed.*