515 P.2d 641

**Bruce STEWART, Plaintiff-Appellee,**

v.

**Barbara F. STEWART, Defendant-Appellant.**

**No. 9755.**

Supreme Court of New Mexico.

Nov. 2, 1973.

Jones, Gallegos, Snead & Wertheim, Byron L. Treaster, Santa Fe, for defendant-appellant.

J. H. Burttram, Santa Fe, for plaintiff-appellee.

## OPINION

McMANUS, Chief Justice.

On March 19, 1969, a complaint for divorce was filed by the appellee, a resident of New Mexico, against the appellant, a resident of Massachusetts. The requisite period of the appellee's residence in New Mexico is not disputed. Appellant filed her answer on May 23, 1969, and requested, among other things, that she be granted an appropriate sum for support and maintenance of the parties' two children who are domiciliaries of Massachusetts. The trial on the merits was held on January 22, 1973, and on February 27, 1973, the District Court of Los Alamos County found that the children of the parties were over 18 years of age (but under 21) and were considered adults under Massachusetts law; therefore, no provision should be made concerning their support or custody. Appellant now contends that the trial court committed prejudicial and reversible error in refusing to award support and maintenance for the children. We agree and reverse the trial court's decision.

■ Appellee contends for the first time that there is a conflict of laws question concerning whether New Mexico or Massachusetts law should determine whether or not the children were minors or adults. The trial court determined that the law of Massachusetts should apply. The appellee failed to object to the application by the trial court of Massachusetts law and thus the objection here is untimely and cannot be allowed.

The only real issue which we must now determine is what the precise age of majority is in Massachusetts for the purpose of awarding support and maintenance. At common law the age at which an infant reached full majority was fixed at 21 years. See, The Inhabitants of Danvers v. City of Boston, 27 Mass. (10 Pick.) 513 (1830), for the Massachusetts adoption of the common law rule of majority generally, and Oliveria v. Oliveria, 305 Mass. 297, 25 N.E.2d 766 (1940), for the adoption of the common law rule in support cases. However, this common law rule may be changed by statute. See 43 C.J.S. Infants § 2 (1945); 42 Am.Jur.2d, Infants, § 3 (1969).

Therefore, unless the common law age of majority has been changed in Massachusetts by statute, the appellant should be able to recover maintenance and support for her two children under the age of 21. As stated in Mass.Const., pt. 2, c. 6, art. 6:

> "All the laws which have heretofore been adopted, used and approved in the Province, Colony or State of Massachusetts Bay, and usually practiced on in the courts of law, shall still remain and be in full force, until altered or repealed by the legislature; * * *."

■ As far as we can tell, Massachusetts statutes do not define the age of majority for the purposes of child support and maintenance. Appellee relies on the fact that Massachusetts has enacted several laws which lower the age of majority, for specific purposes, to age 18. [See, Mass. Laws Ann., ch. 51, §§ 1, 4 (Supp.1972); ch. 119, §§ 61, 74 (1965); ch. 138, § 34B (Supp.1972); ch. 207, § 7 (Supp.1972); ch. 234, § 1 (Supp.1972) for various examples.] It might be noted at this point, although not necessary for our holding, that some of the statutes relied upon by appellee in his argument went into effect after February 27, 1973, the date of the divorce judgment. The general rule is that a statutory change of the age of majority does not affect the pre-existing rights of a person. See 42 Am.Jur.2d, Infants, § 4 (1969). This rule was used in Baker v. Baker, 80 Wash.2d 736, 498 P.2d 315 (1972), which held statutes providing that persons shall be of majority age at 18 are not retroactive and therefore do not apply to judgments entered in divorce decrees entered prior to the effective date of the statute. We concur with the result so obtained in Baker, supra, as applied to any of the statutes so cited by the appellee that did not become effective until after the date of the divorce judgment. Furthermore, there are several statutes still in effect in Massachusetts in which the age of majority has not been so lowered. [See, Mass.Laws Ann., ch. 90, § 2C (Supp.1972); ch. 149, § 62 (Supp.1972); ch. 175, § 113K (1970); ch. 191, § 1 (Supp.1972)] Also, there is no Massachusetts statute which lowers the age generally, such as the one enacted in New Mexico. See, § 13–13–1, N.M.S.A. 1953 (Supp.1973). This lack of a general statute would seem to indicate that the Massachusetts legislature chose only to lower the age requirements in specific areas, and not as a general proposition.

■ Therefore, since there is no legislative enactment to the contrary, we hold that the common law age of 21 should apply and that the children were minors under Massachusetts law.

The cause is remanded to the district court for further proceedings consistent with this opinion.

It is so ordered.

OMAN and MARTINEZ, JJ., concur.