LOUIS ORLANDELLA *vs.* STELLA ORLANDELLA.

Essex.    March 3, 1976. — May 4, 1976.

Present: HENNESSEY, C.J., REARDON, QUIRICO, BRAUCHER, & WILKINS, JJ.

*Minor.   Parent and Child.   Divorce,* Support of child, Modification of decree.

With respect to a decree of divorce under G. L. 208, § 28, entered in 1972 and providing that the husband pay a weekly sum for the support of his wife and the "minor child" of the parties, "all until the further order of the Court," it was held that automatic modification

_____

of the decree, upon petition filed by the husband in 1974 on the child's becoming eighteen years of age, was not compelled by St. 1973, c. 925, § 1, effective January 1, 1974, or by companion statutes, changing the age of majority from twenty-one to eighteen years of age; any modification of the decree lay in the discretion of the judge of the Probate Court. [226-231]

LIBEL for divorce filed in the Probate Court for the county of Essex on April 29, 1971.

A petition for modification of the decree was heard by *Mayo, J.,* and a question of law was reported by him to the Appeals Court. The Supreme Judicial Court, on its own initiative, ordered direct review.

*Richard K. Donahue* for the defendant.

*Stephen L. Mitchell,* for the plaintiff, submitted a brief.

BRAUCHER, J. Effective January 1, 1974, the age of majority was changed from twenty-one to eighteen years of age. G. L. c. 4, § 7, Forty-eighth through Fifty-first, as appearing in St. 1973, c. 925 § 1. See Hamann, Eighteen: The New Age of Majority in Massachusetts, 59 Mass. L.Q. 17 (1974). The parties were divorced in 1972, and under G. L. c. 208, § 28, the husband was ordered to pay the wife $45 a week for the support of herself and their minor son. The question is reported to us whether the obligation to support the child terminates when the child becomes eighteen. See Moss & Levy, The Effect of the New Age of Majority on Existing Support Obligations, 18 Boston B.J. 29 (Sept. 1974); Comment, The Effect of the Change in the Age of Majority on Prior Divorce Decrees Providing for Child Support, 8 Akron L. Rev. 338 (1975); Comment, 11 Willamette L.J. 70 (1974). We hold that the change in the statute does not of itself affect decrees entered before the effective date of the change, and that the statute does not compel modification of such decrees. The matter lies in the discretion of the judge.

The facts are agreed. The son became eighteen on April 5, 1974. The wife had custody of the son, a full time student. The husband was capable of making the support payments, but he brought a petition in the Probate Court

to determine whether the statute terminated his obligation to continue the payments. The judge reported the question to the Appeals Court. G. L. 'c. 215, § 13. See *Fiorentino* v. *Probate Court,* 365 Mass. 13, 16 n.6 (1974). We transferred the case to this court on our own motion.

The statutes governing the wife's right to alimony and child support constitute "a complete statutory system, intended to cover the field of civil liability for maintenance between husband and wife.... There is in this Commonwealth no nonstatutory right to sue for alimony or support." *Gediman* v. *Cameron,* 306 Mass. 138, 140 (1940), and cases cited. *Lyon* v. *Lyon,* 318 Mass. 646, 649 (1945). But the statutes do not provide a detailed definition of the liability. Twenty-one years was the established age at which parental authority and the common law duties of support and obedience ceased. See *Oliveria* v. *Oliveria,* 305 Mass. 297, 299 (1940). But the noncommercial relation between parent and child may change before the child reaches majority, or may continue after majority. *Sykes* v. *Smith,* 333 Mass. 560, 564 (1956). Cf. *Creeley* v. *Creeley,* 258 Mass. 460, 463 (1927). In *Verdone* v. *Verdone,* 346 Mass. 263, 265 (1963), support was awarded for the mentally retarded adult son of the parties under G. L. c. 209, § 32, providing for "the support of the wife and the care, custody and maintenance of their minor children"; no issue appears to have been made as to the son's majority. See J. Lombard, Family Law § 2003 n.42 (1967).

The original divorce decree in the present case provided that the wife be given the custody of the minor child and that the husband pay her "the sum of forty-five dollars each week for the support of herself and said minor child, all until the further order of the Court." Cf. *England* v. *England,* 329 Mass. 763 (1952); *Freeman* v. *Sieve,* 323 Mass. 652, 654 (1949). By the terms of the decree the payments for support did not expire on the child's majority, but it might be appropriate to revise or alter the decree or to make a new decree at that time.

The voting age was reduced to eighteen by U.S. Const. amend. 26, § 1, effective July 5, 1971, and many States

have reduced the age of majority for other purposes as well. The question of the effect on preexisting support orders has produced a difference of opinion in other States, but it has not previously come to us. In *Russell* v. *Lovell,* 362 Mass. 794, 795 (1973), the ward of a Massachusetts guardian had moved to Vermont, where the age of majority was eighteen, and we held that the ward was not entitled to distribution of property held by the guardian until he reached the age of twenty-one. We said, "It is valid to assume that one who creates a guardianship in Massachusetts would expect that Massachusetts law would apply." *Id.* at 797.

In some States the question now before us has been resolved against change in preexisting support orders by virtue of a saving provision of the statute. *Ganschow* v. *Ganschow,* 14 Cal. 3d 150, 154-158, appeal dismissed, 423 U.S. 887 (1975). *Vicino* v. *Vicino,* 298 A.2d 241 (Conn. Supp. 1972). *Daugherty* v. *Daugherty,* 308 So. 2d 24, 25 (Fla. 1975). *Monticello* v. *Monticello,* 271 Md. 168, 174 (1973), cert. denied, 419 U.S. 880 (1974). *Price* v. *Price,* 395 Mich. 6, 10-11 (1975). *Dimitroff* v. *Dimitroff,*      W. Va.      ,      - (1975).[a] The same result has been reached without explicit statutory provision, on the ground that a decree is read in light of the situation at the time it is rendered and is not subject to subsequently enacted statutes. *Waldron* v. *Waldron,* 13 Ill. App. 3d 964, 967 (1973). *Brugger* v. *Brugger,* 303 Minn. 488, 493-496 (1975). *Stewart* v. *Stewart,* 85 N.M. 637, 638 (1973) (Massachusetts law). *Waymire* v. *Waymire,* 10 Wash. App. 262, 264 (1973), appeal denied, 83 Wash. 2d 1009 (1974).

In other States, however, it has been held that the duty of support under a preexisting decree terminated by virtue of a subsequent statute reducing the age of majority. *Speer* v. *Quinlan,* 96 Idaho 119, 132 (1973). *Blackard* v. *Blackard,* 426 S.W.2d 471, 472 (Ky. 1968). *Phelps* v. *Phelps,* 85 N.M. 62, 65 (1973). *Lookout* v. *Lookout,* 526 P.2d 1405, 1407 (Okla. Ct. App. 1974). *Beaudry* v. *Beaudry,* 132 Vt. 53,

a 218 S.E.2d 743, 745-746 (1975).

58 (1973). Sometimes this rule has been applied notwithstanding the fact that the decree rested on an agreement of the parties. *Rice* v. *Rice,* 213 Kan. 800, 805 (1974). *Bernhardt* v. *Bernhardt,* 283 So. 2d 226, 228 (La. 1973). *Mason* v. *Mason,* 84 N.M. 720, 723 (1973). *Shoaf* v. *Shoaf,* 282 N.C. 287, 292 (1972). *Whitt* v. *Whitt,* 490 S.W. 2d 159, 160 (Tenn. 1973). *Miller* v. *Miller,* 67 Wis. 2d 435, 442 (1975). In other such cases, however, a distinction has been drawn, and support has been continued until age twenty-one as matter of contract interpretation. *Ruhsam* v. *Ruhsam,* 110 Ariz. 326, 328 (1974), supplemented 110 Ariz. 426 (1974). *Worrell* v. *Worrell,* 489 S.W. 2d 817, 818 (Ky. 1973). *Bingham* v. *Bingham,* 91 Nev. 539 (1975). *Jones* v. *Jones,* 503 S.W. 2d 924, 928 (Tenn. Ct. App. 1973). *Paul* v. *Paul,* 214 Va. 651, 653 (1974).

We begin with the Massachusetts statutes. Statute 1973, c. 925, § 1, added four new definitions as G. L. c. 4, § 7, Forty-eighth through Fifty-first, effective January 1, 1974: "Minor," "Full age," "Adult," and "Age of majority." The amending statute is entitled "An Act establishing the age of majority for certain legal purposes as eighteen years of age." It also inserted, by § 74, G. L. c. 231, § 85O: "Any person who has attained the age of eighteen shall have full legal capacity to act in his own behalf in the matter of contracts and shall be liable in any civil action for breach thereof." There was no amendment to G. L. c. 208 on divorce or to G. L. c. 209 on husband and wife.

The governing statute in the present case was G. L. c. 208, § 28, under which a divorce decree might include such provision as the judge considered expedient "relative to the care, custody and maintenance of the minor children of the parties." Effective January 1, 1974, G. L. c. 4, § 7, provides, "In construing statutes the following words shall have the meanings herein given, unless a contrary intention clearly appears ... Forty-eighth, 'Minor' shall mean any person under eighteen years of age." It is suggested that the new definition may be limited to statutes enacted after January 1, 1974, and that there is no indication of a legislative intention to amend G. L. c. 208. Moreover, the new

definition does not fit neatly into the phrase "minor children" in G. L. c. 208, § 28. Nevertheless, we think it clear enough that after January 1, 1974, G. L. c. 208, § 28, authorized the entry of a decree relative to the maintenance of the parties' children "under eighteen years of age." It is not at all clear, however, what was to happen to decrees entered before January 1, 1974.

Three later statutes must also be noted. Under G. L. c. 231, § 85P, inserted by St. 1975, c. 315, § 1, "Except as otherwise specifically provided by law, any person domiciled in the commonwealth who has reached the age of eighteen shall for all purposes, and any other person who has reached the age of eighteen shall with respect to any transaction governed by the law of the commonwealth, be deemed of full legal capacity unless legally incapacitated for some reason other than insufficient age." By § 2, St. 1975, c. 315, was to take effect as of January 1, 1974. Statute 1975, c. 400, § 29, amended G. L. c. 208, § 28, to conform to the terminology of our rules of civil procedure, 365 Mass. 730 (1974). Finally, St. 1975, c. 661, § 1, added the following sentence to G. L. c. 208, § 28: "The court may make appropriate orders of maintenance of any child who has attained age eighteen years but who has not attained the age of twenty-one years and who is living in the home of a parent, and is principally dependent upon said parent for maintenance."

In these circumstances, we think we carry out the legislative purpose if we hold that a support decree entered before January 1, 1974, was not automatically modified by the legislative redefinition of the age of majority. Cf. *School Comm. of Springfield* v. *Board of Educ.*, 366 Mass. 315, 325-327 (1974), *id.* at 334-338 (opinion of Quirico, J., concurring in result), cert. denied, 421 U.S. 947 (1975). After that date, as before, the judge had full power to modify the decree not only as to the future, but also as to arrears. *Cohen* v. *Murphy*, 368 Mass. 144, 147 (1975), and cases cited. In exercising that power, the judge could give such weight as he saw fit to the change in the legal climate. Today he can also give such weight as he sees fit to the

1975 statutes. None of the statutes, however, compels the modification of decrees or judgments entered before its effective date.

Our conclusion is not affected by G. L. c. 117, § 9, as appearing in St. 1973, c. 925, § 36, and as amended by St. 1974, c. 787, § 1. That statute relates only to the duty to reimburse public agencies for the support of poor and indigent persons. See, e.g., *Treasurer & Receiver Gen.* v. *Sermini,* 229 Mass. 248, 251 (1918); *Plymouth* v. *Hey,* 285 Mass. 357, 360 (1934).

The reported question is answered "No." The case is remanded to the Probate Court for further proceedings consistent with this opinion.

*So ordered.*