BERNARD A. HARRIS, JR. *vs.* RICHARD WILCOX & another.[1]

Franklin. April 6, 1981. — July 16, 1981.

Present: HENNESSEY, C.J., BRAUCHER, LIACOS, ABRAMS, & NOLAN, JJ.

*Minor. Limitations, Statute of. Due Process of Law*, Statute of limitations.

A plaintiff whose cause of action in tort accrued in 1973 when he was a minor was required to bring the action within two years after he reached eighteen years of age; neither the change in the statute of limitations for tort actions from two to three years for causes of action arising after January 1, 1974, nor the change in the age of majority from twenty-one years to eighteen years, effective January 1, 1974, required a different result. [57-59]

CIVIL ACTION commenced in the Superior Court Department on March 3, 1980.

The case was heard by *Urbano, J.*, on a motion to dismiss.

The Supreme Judicial Court granted a request for direct appellate review.

*James M. Kessler* for the plaintiff.

*Paul F. Schneider* for the defendants.

BRAUCHER, J. The question is whether the plaintiff's action of tort is barred by the statute of limitations. It is stipulated that his cause of action accrued in 1973, when he was thirteen years old, and that he filed this action in 1980, when he was twenty. In 1973 the statute of limitations for tort actions was changed from two years to three years for causes of action arising on and after January 1, 1974. G. L. c. 260, § 2A, as amended by St. 1973, c. 777, § 1, 4. A separate 1973 statute, also effective January 1, 1974, changed

---

[1] Westfield Box & Lumber Company, Inc.

the age of majority from twenty-one years to eighteen. G. L. c. 4, § 7, Forty-eighth through Fifty-first, amended by St. 1973, c. 925, §§ 1, 84. See G. L. c. 231, § 85P, inserted by St. 1975, c. 315, §§ 1, 2. A judge of the Superior Court ruled that the statute of limitations was tolled by G. L. c. 260, § 7, during the plaintiff's minority, but that the disability was removed and the statutory period began to run when he became eighteen in 1977, and that the action was barred when two years elapsed. We granted the plaintiff's application for direct appellate review, and we affirm the judgment for the defendants.

According to the stipulation, the plaintiff was born on October 10, 1959, his cause of action accrued about May 11, 1973, he filed his action on March 3, 1980, and he does not claim that the statute of limitations was equitably tolled because of any actions of the defendants. The judge's ruling applied the governing statutes to these facts in a straightforward manner: the statute of limitations was tolled during the plaintiff's minority, but he became of age on his eighteenth birthday, October 10, 1977. He then had two years to bring his action, but the action was barred when it was not brought by October 10, 1979. Accord, *Robinson* v. *State*, 99 Misc. 2d 336, 342 (N.Y. Ct. Cl. 1979); Annot., 75 A.L.R.3d 228, 289 (1977). We agree with this reading of the statutes and hold that they are valid as so applied.

The plaintiff points out that the 1974 change in the age of majority did not automatically modify obligations embodied in preexisting support decrees. See *Feakes* v. *Bozyczko*, 373 Mass. 633, 638 (1977); *Orlandella* v. *Orlandella*, 370 Mass. 225, 230 (1976). He argues that the result here applies the two 1973 statutes retroactively and is so unreasonable as to amount to a denial of due process of law; and he urges us to construe those statutes together to avoid an anomalous result. The asserted anomaly is this: When the plaintiff's claim arose the statute of limitations allowed suit until the plaintiff became twenty-three. Under the statutes enacted in 1973, suit could be brought on a similar claim arising after 1973 until the plaintiff became twenty-one.

But under the ruling here suit must be brought on preexisting claims before the plaintiff becomes twenty. The Legislature could not have intended such a requirement, applicable only to the "small number of individuals" like the plaintiff, he says; to avoid it, either the change in the age of majority should be limited to causes arising after 1973, or the three-year limitation period should be applied to preexisting claims.

Like the trial judge, we see no correlation between the reduction of the age of majority and the extension of the period of limitation. The age change was a sweeping reform, affecting many rules besides those governing tort actions. See *Orlandella* v. *Orlandella*, 370 Mass. 225, 226 (1976). The limitations change was part of a separate development. See *Hendrickson* v. *Sears*, 365 Mass. 83, 88-89 (1974). At the intersection of two independent legislative policies we must be as faithful as we can to both policies, and the surest guide is the language of the statutes. The asserted anomaly does not appear unreasonable to us: a shortened statute of limitations may be applied to causes of action already accrued if a reasonable time is allowed after the enactment of the statute within which an action may be brought. *Cioffi* v. *Guenther*, 374 Mass. 1, 3 (1977). Here the time allowed was more than five years after the effective date of the statute and two years after the plaintiff became an adult. Far less has sufficed. *Id.* at 3-4, and cases cited.

*Judgment affirmed.*