BARBARA J. CHENERY *vs.* WARREN E. CHENERY. February 11, 1982. The defendant has appealed from two successive judgments of civil contempt entered against him in a Probate Court, as well as from a subsequent judgment awarding counsel fees to the plaintiff in connection with the contempt proceedings. There had been no order under the concluding sentence of G. L. c. 208, § 28, as appearing in St. 1976, c. 279, § 1. The only legal foundation for either of the judgments of contempt lay in a written stipulation of the parties that "the Defendant shall pay Sixty-five ($65.00) Dollars a week for the support of the minor child, Patricia A. Chenery" which, by consent of the parties, had been incorporated by ref-

erence in and made a part of a judgment of divorce nisi (see *Salvesen* v. *Salvesen*, 370 Mass. 608, 610 [1976]) which had been entered on July 16, 1976, and which became final six months thereafter. The only factual foundation for either of those judgments lay in the defendant's unilateral termination of the weekly payments for the support of the child shortly after she reached the age of eighteen in April of 1980. The question before the judge was not one of law as to the proper interpretation of a prior order that weekly payments for the support of a child continue "until the further order of the [c]ourt." Contrast *Orlandella* v. *Orlandella*, 370 Mass. 225, 227, 230-231 (1976). To the contrary, the questions before the judge were whether the parties, when they entered into the 1976 stipulation, intended that the defendant should continue to be responsible for (a) the support and (b) the educational expenses of the child after she should reach the age of eighteen. Compare *Feakes* v. *Bozyczko*, 373 Mass. 633, 634-637 (1977). Neither party appears to have offered any evidence on (nor does the judge appear to have explored) either of those questions. Accordingly, all three judgments are vacated, and the case is to stand for an evidentiary hearing in the Probate Court and for findings of fact on both the foregoing questions; as already authorized by the single justice, the plaintiff (if so advised) may file a complaint under G. L. c. 208, § 37, seeking a prospective order under the concluding sentence of G. L. c. 208, § 28 (see *Hobson* v. *Perry, post* 944, 945-946 [1982]); no further judgment is to be entered until after the judge has filed findings of fact and conclusions of law which satisfy the requirements of Mass.R.Dom.Rel.P. 52(a) (1975); counsel fees on and costs of appeal are not to be awarded to either party.

*So ordered.*

*Conrad W. Fisher* for the defendant.
*David A. Talman*, for the plaintiff, submitted a brief.