BARBARA PERRY HOBSON *vs.* LINDSEY R. PERRY. February 11, 1982. Perry (the husband) appeals from a judgment of contempt, dated August 8, 1980, for failure to pay alleged arrears in instalments of support asserted to have been ordered by a judgment of a Probate Court dated May 1, 1979. That judgment granted a divorce nisi of his then wife from the husband and ordered that a signed agreement dated August 1, 1973, and an amendment thereof, dated April 30, 1979, be "incorporated in and made a part" of the judgment. The amendment (art. one, § 6) reads in part: "So long as the Husband and Wife shall both be living, the Husband shall pay to the Wife for the support of the minor children the sum of . . . [$7,500] per year . . . quarterly . . . beginning on May 1, 1979 and continuing until each child reaches the [A] *statutory age of majority* [B] *pursuant to . . . G. L. c. 208, § 28*, at which time payments would be reduced by one-third, [C] *three being the number of children to be supported pursuant to this provision*. In addition, the Husband will pay . . .

[$2,500] per year to each child until each child reaches the statutory age of majority pursuant to . . . G. L. c. 208, § 28" (emphasis supplied and letters in brackets inserted to assist convenient reference to the passage immediately following such letters respectively). The references to c. 208, § 28, in the 1979 amendment of the 1973 separation agreement were substituted for references in the 1973 agreement to the age of twenty-one years. Doubtless these changes were caused by the general statutory provisions reducing the age of majority from twenty-one to eighteen. See e.g., G. L. c. 4, § 7, Forty-eighth through Fifty-first, inserted by St. 1973, c. 925, § 1, and *Orlandella* v. *Orlandella*, 370 Mass. 225, 229-230 (1976), and authorities there cited. On May 1, 1979, two of the children of the parties were over twenty-one years old. One child was nineteen and two then were under eighteen years old. No judgments were issued in the Probate Court except the judgments for divorce nisi, divorce absolute, and contempt. The record (unless the judgment for divorce nisi does so) shows no express determination by the Probate judge purporting to act under the last sentence of G. L. c. 208, § 28, which was inserted by St. 1976, c. 279, § 1, and which reads, "The probate court may make appropriate orders of maintenance, support and education of any child who has attained age eighteen but who has not attained age twenty-one and who is domiciled in the home of a parent, and is principally dependent upon said parent for maintenance."

This is not a case interpreting an agreement or judgment issued before the 1973 reduction of the age of majority to eighteen. Compare *Feakes* v. *Bozyczko*, 373 Mass. 633, 633-637 (1977). The revision of art. one, § 6, of the separation agreement was made in 1979 after that reduction and is ambiguous on its face. It (at point [A] of § 6, as quoted above) refers to the "statutory age of majority" as of 1979 when that was "eighteen years of age." G. L. c. 4, § 7, Fifty-first. Chapter 208, § 28, as it read in 1979, contained no reference to any age of majority (see language following [B] in quotation from art. one, § 6, of the revised separation agreement). The reference (after point [C] of the revised § 6) to "three being the number of children to be supported pursuant to this provision" may have some tendency to indicate that the child then nineteen was to receive support but it lacks sufficient precision of statement fairly to apprise the probate judge and the parties of that import. We do not interpret this obscure language (as further intrinsic evidence may make apparent) to be adequate in itself to constitute an order under the final sentence of the 1976 version of c. 208, § 28, nor do we view it (although incorporated by reference in the judgment nisi) as so specific and unambiguous as to constitute the "clear and unequivocal command" required as the basis for a later contempt judgment. See *United States Time Corp.* v. *G.E.M. of Boston, Inc.*, 345 Mass. 279, 282 (1963); *Hinds* v. *Hinds*, 4 Mass. App. Ct. 63, 66-67 (1976). We assume that a separation agreement made concerning children under the age of twenty-one years may make clear and spe-

cific provisions for the support of children over eighteen years old. If it is desired that such an agreement meet the requirements of the last sentence of G. L. c. 208, § 28, as now in force, that can be stated clearly. We assume also that any such agreement may be made at any time prior to the attainment by one or more of such children of the age of eighteen. See *Chenery* v. *Chenery, ante* 943 (1982). The present agreement simply does not make any provision with clarity. Furthermore, the *Hinds* case (at 66-67) shows that a contempt order is not justified by the requirement of the amended separation agreement, for an annual account (without specifying its date) by the husband of certain educational funds created under the agreement. The contempt judgment is vacated. The case is to stand for further proceedings in the Probate Court. See e.g., G. L. c. 208, § 37, as appearing in St. 1977, c. 495; Mass.R.Dom.Rel.P. 52(a) (1975). Neither party is to be awarded counsel fees or costs of this appeal.

*So ordered.*

*Jean F. Farrington (David B. Bickford* with her) for Lindsey R. Perry. *Michael H. Riley* for Barbara Perry Hobson.