MARJORIE S. LYON *vs.* JOHN D. LYON & others.

Middlesex.    October 4, 1945. — November 2, 1945.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & WILKINS, JJ.

*Equity Jurisdiction,* To reach and apply, Husband and Wife, Alimony. *Marriage and Divorce,* Alimony, Equitable cause of action. *Husband and Wife. Equity Pleading and Practice,* Plea.

In a suit in equity in which a "motion to dismiss" was filed, an order by the judge sua sponte that the bill be dismissed for want of jurisdiction was interpreted by this court as meaning that the judge treated the "motion to dismiss" as in substance a plea to the jurisdiction and in effect sustained such plea.

A suit in equity could not be maintained by a wife against her husband and others to reach and apply property of his in satisfaction of an alleged "debt" consisting of an amount for which he was in default under an order for the payment to her of temporary alimony entered in a divorce proceeding pending between them, both because the order for alimony could be enforced only by the statutory remedies provided therefor in the divorce court and also because no enforceable debt existed until the amount, if any, due from him under the order had been adjudicated in that court.

BILL IN EQUITY, filed in the Superior Court on January 22, 1945.

The suit was heard by *Greenhalge,* J.

*H. D. Sharpe,* for the plaintiff.

*A. MacNeil,* for the defendants.

DOLAN, J.  This is a bill in equity brought on January 22, 1945, in the Superior Court by which the plaintiff seeks to recover a so called debt alleged to be due to her from her husband, hereinafter referred to as the defendant, and to reach and apply in satisfaction thereof certain real and personal property alleged to have been conveyed or transferred by the defendant to other named defendants in fraud of the plaintiff as a creditor of the defendant or to be held by certain of them as agents or trustees for the defendant. [1] The judge entered the following interlocutory decree: "In the above cause a motion called a motion to dismiss has been filed and my attention being directed to certain allegations in the bill, I am of the opinion that this court has no jurisdiction in the premises and of my own motion I order the bill dismissed, with costs." We interpret this action of the judge to mean that he properly treated the motion as a plea to the jurisdiction in its essential substance, *Stoskus* v. *Stoskus*, 315 Mass. 12, 16, and cases cited, and in effect sustained the plea. A final decree was then entered dismissing the bill, and the plaintiff appealed.

At the outset it is proper to note that the bill is one based solely on an alleged debt and allegations of conveyance and transfer by the defendant already set forth above. With respect to the real estate sought to be reached and applied, there is no allegation of any conveyance by the defendant in fraud of the plaintiff's marital rights. Compare *Gedart* v. *Ejdrygiewicz*, 305 Mass. 224, and cases cited. While the bill contains a specific prayer for determination of the title to the property sought to be reached and applied, there are no sufficient allegations in the bill of ownership by the plaintiff of any of the property therein described to support the granting of such relief, *Bleck* v. *East Boston Co.* 302 Mass. 127, and the sole contention of the plaintiff before us is that the Superior Court had jurisdiction of the bill as a "suit by a creditor to reach and apply property of his debtor and to set aside a fraudulent conveyance."

---

[1] The present case is not to be confused with *Lyon* v. *Sharpe*, 317 Mass. 283, in which the plaintiff here involved was a defendant, but in which the plaintiff was not her husband.

The debt claimed by the plaintiff to be owed to her by the defendant is alleged in the bill to have been created in the following circumstances: On October 19, 1943, the plaintiff filed a libel for divorce against the defendant in the Probate Court for the county of Middlesex. On November 29, 1943, custody of the two minor children of the plaintiff and the defendant was decreed in that court to the plaintiff pendente lite. On December 15, 1943, she filed in that court a petition in equity upon which temporary injunctions in the nature of equitable attachments (see G. L. [Ter. Ed.] c. 215, § 6A) were issued against certain of the defendants named in the present suit. On February 11, 1944, a decree was entered in the Probate Court ordering the libellee, the defendant here, to pay to the libellant, the plaintiff here, the sum of $35 on February 12, 1944, and a further sum of $35 each week thereafter until the further order of the court. That order was made by way of temporary alimony and is still in force. The defendant has failed to comply with that order except in the sum of $480, and "is now in default in the sum of . . . $1,200." The prayers of the bill are in substance for the reaching and applying of the properties alleged to be in the possession or control of the other defendants, for the appointment of a receiver thereof, and for the application of the same or any portion thereof "to the satisfaction of any lawful judgment or decree or order of any court of this Commonwealth or of any other State made for the benefit of the plaintiff and her said two minor children, John D. Lyon, II and Stephany Bruce Lyon, or any of them; and with power to hold any balance of the same for the satisfaction of future sums which may later become due under such judgments, decrees and orders." There is a general prayer for relief.

The bill was dismissed rightly for lack of jurisdiction. The enforcement of the order for temporary alimony entered in the Probate Court rested solely in the jurisdiction of that court, just as it would have rested solely in that of the Superior Court had the order been entered in a divorce proceeding between the parties in that court. See *Allen* v. *Allen*, 100 Mass. 373, 376. While there is concurrent juris-

diction of libels for divorce in the Superior and Probate courts, the court first acquiring jurisdiction of the libel, as in all cases of concurrent jurisdiction, retains it for all purposes. *Old Colony Trust Co.* v. *Segal*, 280 Mass. 212, 214–215, and cases cited. The remedies provided for the enforcement of such orders as that sought to be enforced in the present case are regulated by a complete statutory system intended to cover the entire field of support before and after divorce. "There is in this Commonwealth no nonstatutory right to sue for alimony or support." *Gediman* v. *Cameron*, 306 Mass. 138, 140. It may be added that the order entered in the Probate Court created no debt which is enforceable in any jurisdiction until it has been adjudicated in that court, in appropriate proceedings under the statute (G. L. [Ter. Ed.] c. 208), what if anything is due under the order. The basic reason for this is to be found in the provisions of the statute (G. L. [Ter. Ed.] c. 208, § 37; see also c. 209, §§ 32, 33) relative to the power reserved to the courts having jurisdiction of such subject matters to modify such orders not only as to future payments but also as to amounts past due and unpaid. This subject is fully discussed in *Watts* v. *Watts*, 314 Mass. 129, with citation of authorities.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*