ROSAMOND H. HILLS *vs.* WILLIAM L. SHEARER, THIRD.

Norfolk.   January 9, 1969. — March 4, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL,
& REARDON, JJ.

*Divorce,* Separation agreement.   *Husband and Wife,* Separation agree-
ment.   *Equity Jurisdiction,* Separation agreement.   *Superior Court,*
Jurisdiction.   *Contract,* Separation agreement.   *Equity Pleading and
Practice,* Plea.

Entry of a final decree in a suit in equity granting the relief sought by
the plaintiff was an implied denial of a plea to the jurisdiction of the
court filed by the defendant but not specifically dealt with by the
judge. [407]

The Superior Court had jurisdiction of a suit in equity under G. L. c. 231A
by a woman against her former husband for a determination of her
contractual rights under a separation agreement entered into by them
through trustees before the parties were divorced, and not for en-
forcement of a divorce decree entered by the Probate Court on the
wife's libel which "adopted" as alimony the provisions for her support
and maintenance contained in the separation agreement but which
did not supersede or terminate such provisions. [407]

A separation agreement, entered into by husband and wife through
trustees providing that the husband should pay the wife a stated
amount monthly for her support and maintenance and that upon the
bringing of a divorce proceeding "this agreement shall be disclosed
to the [Probate Court] . . . and the court shall be requested to
enter a decree adjudicating this agreement to be proper and lawful,
confirming the same, and ordering that it be complied with in lieu of
any orders relative to property, maintenance or alimony," but not
specifying whether the agreement was to remain in effect after the
entry of the divorce decree, was not intended to be superseded by the
divorce decree, which "adopted" as alimony the support and main-
tenance provisions of the separation agreement, and the former wife
was entitled in a suit in equity in the Superior Court to enforce pay-
ment of the monthly amount stated in the agreement notwithstanding
a Probate Court decree modifying the divorce decree by reducing the
monthly payment. [408-409]

BILL IN EQUITY filed in the Superior Court on May 18,
1966.

The suit was heard by *Good*, J.

*Marcien Jenckes* for the defendant.

*John J. Curtin, Jr.* (*Richard H. Johnson* with him) for the plaintiff.

SPALDING, J.    This bill for declaratory relief was heard on the pleadings, the answer having admitted such facts alleged in the bill as are essential to a determination of the controversy.

On May 3, 1946, the plaintiff and defendant, who were husband and wife but were then living apart, entered into a separation agreement through trustees.    The agreement provided in part that the husband should pay the wife $2,000 a month for her support and maintenance; [1] it further provided that "if divorce proceedings should be begun by the wife, this agreement shall be disclosed to the court in such proceeding, and the court shall be requested to enter a decree adjudicating this agreement to be proper and lawful, confirming the same, and ordering that it be complied with in lieu of any orders relative to property, maintenance or alimony."

Subsequently, on June 25, 1946, the Probate Court for Middlesex County entered a decree nisi on the wife's libel for divorce.    The decree, which became absolute on December 25, 1946, stated "that the provisions of said agreement as to payments for the support and maintenance of said libellant and said child are adopted as the payments of alimony and for support and maintenance of said child, respectively, which the libellee is hereby ordered to make." In 1949 the parties, both of whom had remarried, modified the agreement by reducing the husband's monthly payments to $1,000 a month.    The agreement was again amended in 1952, but the amount of the monthly support payments was not affected.    On May 19, 1965, on the husband's petition, the Probate Court entered a decree reducing the monthly payments from $1,000 to $900.    Since that time the husband has paid only $900 a month.

---

[1] There were additional provisions (with which we are not concerned) with respect to the education and maintenance of the only child of the marriage who has now attained his majority.

Alleging the existence of an actual controversy, the wife brought this bill in the Superior Court under G. L. c. 231A asking that the court enter a decree declaring that the agreement as amended was a valid and binding contract, the enforceability of which is independent of the decrees entered by the Probate Court. The bill also asked for a determination of the amount due the wife under the agreement and for an order that the husband make payments in the future in accordance with the agreement.

The judge entered a decree declaring that the agreement, as amended, was valid and enforceable and was independent of any decrees of the Probate Court relating to alimony. The husband was ordered to pay the arrears ($3,400) due under the agreement and to pay $1,000 a month thereafter.[2] The husband appealed.

1. In his answer the husband included a "motion to dismiss" the bill on the ground that the Superior Court had no jurisdiction to determine the controversy, since it involved decrees entered by the Probate Court for Middlesex County. We treat the motion as essentially a plea to the jurisdiction of the court. *Lyon* v. *Lyon*, 318 Mass. 646.

The judge did not deal specifically with the plea but the entry of the decree granting the relief sought by the wife was an implied denial of it. There was no error. If the wife was seeking an enforcement of the Probate Court decree, then only that court would have jurisdiction. *Lyon* v. *Lyon, supra*, at pages 648–649. Her bill, however, seeks a determination of her contractual rights under the separation agreement; it does not seek to enforce the Probate Court decree. The Superior Court had jurisdiction under G. L. c. 231A to declare the rights of the parties under the separation agreement. As will presently appear, the fact that the Probate Court in its decree "adopted" the support provisions of the agreement as to payments of alimony did not supersede and terminate those provisions.

---

[2] The amount due, if the agreement remains in effect, is not in dispute.

2. The husband argues that because the divorce decree "adopted" the alimony provisions of the agreement they were merged in, and superseded by, the decree, and were no longer enforceable. A separation agreement may specifically provide that it shall no longer continue in effect if its provisions are incorporated in a subsequent divorce decree. *Fabrizio* v. *Fabrizio*, 316 Mass. 343. On the other hand, the agreement may state that it is not to be affected by a divorce decree, in which case the rights under the agreement survive the decree and are enforceable. *Schillander* v. *Schillander*, 307 Mass. 96. *Whitney* v. *Whitney*, 316 Mass. 367.

The agreement here, however, did not specify whether it was to remain in effect after the entry of the divorce decree. It did, to be sure, provide that in the event of proceedings the agreement "shall be disclosed to the court" and that the court shall be requested to enter a decree adjudicating the agreement to be proper and ordering compliance with it "in lieu of any orders relative to property, maintenance or alimony." But these provisions do not necessarily mean that the agreement was not to survive the decree; the question is one of intent, which is to be ascertained by a reading of the entire agreement. The case at bar is controlled by *Freeman* v. *Sieve*, 323 Mass. 652. There the parties had assented in the separation agreement to the inclusion of its support provisions in a divorce decree, if one should be obtained. Nevertheless, this court held that from a reading of the entire agreement, which in relevant details was similar to the one here, the parties did not intend it to be superseded by the decree. We said at page 656, "In view of the advantages in the matter of enforcement, there are good reasons why a party to an agreement of this sort might want the added protection of a decree." Construing a somewhat similar contract under Massachusetts law the Court of Appeals for the First Circuit said in *Metcalf* v. *Commissioner of Int. Rev.* 271 F. 2d 288, 292, that "it is not lightly to be presumed that a decree, ephemeral in that it could be revised downward

at any time, was accepted by a wife as a substitute for an existing agreement."

We hold that the judge rightly ruled that alimony provisions in the agreement survived the divorce decree and were enforceable.

*Decree affirmed with costs of
appeal.*