**Anita McGARRAHAN, Plaintiff**
**vs.**
**Robert W. McGARRAHAN, Defendant**

**No. 132303**

Superior Court
Commonwealth of Massachusetts

.November 23, 1981

**James Shannon,** counsel for plaintiff.
**C. Frederick Bent III,** counsel for defendant.

## RULINGS, ORDERS AND MEMORANDUM OF DECISION ON THE DEFENDANT ROBERT McGARRAHAN'S MOTION FOR SUMMARY JUDGMENT TO DISMISS (PURSUANT TO MASS. R. CIV. P. 12(b)(6) COMPLAINT WITH PREJUDICE AND FOR COSTS AND ATTORNEYS FEES

### Introduction

This action came before the court on October 9, 1981, on the motions referred to above by which the defendant seeks to defeat the claims of his former spouse, the plaintiff, for alimony and child support payments purportedly due under their 1973 separation agreement. The defendant argues that those claims have been discharged in bankruptcy and that a 1979 decision of a Probate Court judge modifying the parties' divorce decree is **res judicata.** Both arguments in my opinion, are without merit.

### Facts

The parties were married in 1951 and thereafter had two children, one born in 1957 and the other in 1962. On July 31, 1973, the parties entered into a written separation agreement, which set forth, among other things, the husband's obligation to pay to the plaintiff the amounts of $150 per week as alimony and $100 per week support for each child. The latter obligation was to continue so long as both parents lived and until each child died, married, or reached age 22-½. The defendant in addition agreed to maintain health insurance for each child during the same period. The oldest child reached age 22-½ in 1979.

By its terms the separation agreement was not merged with the decree of the Probate Court issued the same day but was to "survive and be forever binding on the Wife and Husband." In her complaint in this action the plaintiff asserts that her former husband failed to make all of the payments required under the agreement and has neglected to maintain a life insurance policy in effect for their younger and as yet unmarried and unemancipated child. The documents which the defendant has submitted in support of his motions indicate that the plaintiff had obtained an order from the Probate Court on July 26, 1978, for arrearages purportedly due her. When the defendant failed to comply with that order, the Probate Court issued a judgment of contempt on October 2, 1979 and ordered the defendant to pay to the plaintiff the amount of $200 per week, of which the amounts of $50 would be allocated to arrearages, $100 for child support, and $50 for alimony.

Meanwhile, the defendant had filed a voluntary individual petition in bankruptcy on February 22, 1979. On Schedule A-3 of his petition, the defendant listed the plaintiff among "Creditors Having Unsecured Claims Without Priority." The defendant's Schedule A-3 indicates "alleged unpaid amounts Norfolk Probate #D32962" in an "unknown" amount. On January 28, 1980 the United States Bankruptcy Court for the District of Massachusetts issued an order releasing the defendant from all dischargeable debts. On November 5, 1980, the plaintiff commenced this action in Superior Court seeking damages for breach of contract under the separation agreement.

### Rulings of Law and Memorandum of Decision

The defendant argues in his motion to dismiss that the plaintiff's claims in this action are discharged by his bankruptcy. He points to his having named the plaintiff as an unsecured creditor in his petition and notes that he gave notice thereof to the plaintiff's attorney. In his argument in support of that motion the defendant's counsel sought to distinguish a spouse's

obligation under a court decree from that based upon the provisions of a separation agreement claiming that while the former is not dischargeable in bankruptcy the latter is.

The defendant's bankruptcy is governed by the Federal Bankruptcy Act, 11 U.S.C. § 1, et seq. Section 523 of the Act lists those debts and obligations which are not dischargeable in bankruptcy including, under subsection (a)(5); any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement..." The Act explicitly exempts from discharge obligations to a spouse, former spouse, or child which result from both a court decree and from a contract. There is no case, and the defendant cited none, in which a debt to a spouse and/or a child under a separation agreement was held not to be exempt from discharge under Section 523 as long as the debt was owed in fulfillment of a support obligation. See, Abrams v. Burg, 367 Mass. 617 (1975), where a husband's unsatisfied obligations under a separation agreement were held discharged because the Court construed the agreement as intending a property settlement and not support and maintenance of the wife. The defendant does not make such a claim here and the separation agreement which this court has reviewed does not suggest grounds for doing so.

In his motion for summary judgment, the defendant argues that the October 7, 1979 order of the Norfolk Probate Court is res judicata on the issue of his obligation to the plaintiff, as that order involved "the same nucleus of facts" as the present action. It is well-settled, however, that where a separation agreement is explicitly not merged in the decree of divorce but survives independently, as is the case here, a contract action on the agreement lies irrespective of the decree or of any modifications to it. "Thus, where a husband has obtained a reduction in his support obligation under a court order, the wife is entitled to recover in a contract action any difference between the amount he contracted to pay and the amount the judge has ordered him to pay." Knox v. Remick, 371 Mass. 433, 435 (1976). Because the obligations arise from separate sources, the doctrine of res judicata is not applicable.

In Hills v. Shearer, 355 Mass. 405 (1969), a husband disputed the jurisdiction of the Superior Court in such a contract action, where decrees had been entered by the Probate Court. The Court ruled that if the wife had been seeking enforcement of the Probate Court decree, only the Probate Court would have jurisdiction, but the Superior Court has jurisdiction to determine her contractual rights under her separation agreement. Id. at 407. The Appeals Court recently considered the same issue in Binder v. Binder, Mass. App. Adv. Sh. (1979) 1214. The Binders, like the parties here, had a separation agreement which survived their divorce decree. After a Probate Court reduced the husband's payments under the decree, the wife sued in Superior Court for arrearages on the agreement. The husband appealed from a judgment in her favor. "It would, of course, be economical of judicial time", said the Court on appeal "if the action to enforce the support provisions of the divorce judgment and the action to enforce those of the separation agreement could be brought in one court and consolidated for hearing; but that millenium of efficiency seems impossible to achieve in the present twilight zone of trial court unification." Id. at 1223. The Superior Court cannot enforce a Probate Court divorce decree, and the Probate Court, which had only statutory, not general, jurisdiction, has no authority to hear a civil contract action. Thus, the Court concluded, "(t)he claims are enforceable, therefore, only by separate proceedings in different courts..." Id.

## Orders

For the reasons set forth above, the defendant's motion to dismiss and his mo-

tion for summary judgment are ordered denied. As the plaintiff's complaint is clearly not a frivolous one, the defendant's accompanying motion for costs and attorney's fees is likewise ordered denied.

**Paul G. Garrity**
**Justice of the Superior Court**