NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-416

ISAAC SAIAS

vs.

MARIANNA KANTOR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff filed a complaint in the Superior Court against the defendant, his former wife,[1] raising numerous claims that all arise from the parties' 2005 divorce. On the wife's motion for judgment on the pleadings, a judge concluded that the Superior Court lacked subject matter jurisdiction over the husband's claims and that the claims should be dismissed based on the pendency of a prior action. The husband appeals from the judgment and from the judge's order denying his motion to "amend" the judgment pursuant to Mass. R. Civ. P. 59 (e), 365

_____

[1] For clarity we will refer to the plaintiff as "the husband" and the defendant as "the wife."

Mass. 827 (1974), which the judge construed as a motion for reconsideration. We affirm.

Background. We set out the essential factual allegations of the complaint, which we accept as true for purposes of this appeal. See Jarosz v. Palmer, 436 Mass. 526, 529-530 (2002).

The parties divorced by a judgment of divorce nisi that entered in the Probate and Family Court on December 29, 2005, and was amended twice in March 2006. The divorce judgment awarded each party a fifty percent interest in the marital home (property), while giving the wife the sole right to use and occupy the property, and collect any rents received therefrom, until it was sold. The divorce judgment required that the property be sold when the parties' children were all emancipated or if the wife remarried, whichever occurred earlier. Alternatively, the wife could buy out the husband's interest in the property at any time, at a price corresponding to the property's fair market value at the time of the buyout.

In 2018 or earlier, the wife remarried, but she did not tell the husband or sell the property. In March 2021, about one year after the youngest of the parties' children "reached majority," the wife's attorney informed the husband that the wife intended to put the property on the market. A few weeks later, the wife filed a contempt action in the Probate and Family Court, alleging that the husband was impeding the sale of

the property and requesting the appointment of a special master. In November 2021 a Probate and Family Court judge appointed a special master and empowered him to take the necessary steps to facilitate the sale.

Each party then obtained an appraisal of the property. The husband's appraisal valued the property at between $2,000,000 and $2,200,000, whereas the wife's appraisal valued it at $1,680,000. As of the January 2024 filing of the husband's complaint in this case, the property had not been sold.

Discussion. We review a judge's allowance of a motion for judgment on the pleadings de novo. See Wheatley v. Massachusetts Insurers Insolvency Fund, 456 Mass. 594, 600 (2010), S.C., 465 Mass. 297 (2013). In our review we accept all of the factual allegations of the complaint as true and may also consider "facts of which judicial notice can be taken," which include "the court's records in a related action." Jarosz, 436 Mass. at 529-530.

Based on the factual allegations of the complaint and the records from the Probate and Family Court proceedings, we conclude that the Superior Court lacked subject matter jurisdiction over the husband's claims because, at their core,

they arise from and seek to enforce the divorce judgment.[2]  Only the Probate and Family Court has jurisdiction to enforce the divorce judgment.  See Hills v. Shearer, 355 Mass. 405, 407 (1969).  Indeed, on appeal, the husband concedes that five of his claims cannot survive for that reason.[3]  We will therefore confine our discussion to the remaining claims, Counts II, III, and IV.

Count II alleges that the wife unjustly enriched herself by retaining rental income from the property in violation of the divorce judgment.[4]  In particular, the claim is that the wife improperly retained the rental income she received after she remarried and after the youngest child was emancipated, in violation of her duty under the divorce judgment to vacate and sell the property upon either of those events.  We agree with the judge that this claim cannot plausibly be characterized as

_____

[2] We therefore need not reach the wife's alternative argument that the complaint was correctly dismissed based on the pendency of the Probate and Family Court proceedings.

[3] Even absent the concession, we would conclude that those five claims were correctly dismissed for the reasons set out in the judge's detailed memorandum of decision.

[4] The husband does not address Count II in his brief and has thus waived any argument as to that claim.  See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).  In a status report filed after briefing was completed, however, the husband states that he is narrowing the issues on appeal to the dismissal of Counts II, III, and IV.  For completeness we will exercise our discretion to address Count II, notwithstanding the husband's waiver.

4

anything but a claim to enforce the divorce judgment. It thus falls within the exclusive jurisdiction of the Probate and Family Court. See Hills, 355 Mass. at 407.[5]

Count III alleges that the wife fraudulently generated an undervalued appraisal of the property in violation of the divorce judgment's requirement that the buyout price must correspond to the property's fair market value. The husband argues that this claim should survive because it "sounds in tort" and tort claims cannot be brought in the Probate and Family Court. It is true that "the Probate [and Family] Court does not have jurisdiction to hear tort actions and award damages." Heacock v. Heacock, 402 Mass. 21, 24 (1988). But Count III, despite its label, is in substance a claim to enforce the divorce judgment because it goes to how a marital asset should be distributed according to the divorce judgment. Thus, unlike in Heacock, the claim can, and must, be brought in the Probate and Family Court. Cf. Heacock, supra at 21, 24-25.

---

[5] In his post-briefing status report, the husband alleges that Count II should survive because "the Probate Court process concluded without providing a remedy for, or even addressing, the unjust enrichment injury." Putting aside that the husband is referring to events that postdate the judgment in this case and are therefore not part of the record on appeal, his allegation does not change the essential nature of Count II, which is to enforce the divorce judgment. To the extent the husband is dissatisfied with the result in the Probate and Family Court proceedings, his remedy is to pursue further relief in those proceedings.

Similarly, Count IV, though labeled as a claim for "[b]reach of constructive contract," is in substance a claim to enforce the divorce judgment. Count IV alleges that the wife breached the parties' agreement "to sell the property under a special master process" by "not putting the property up for sale." But as the allegations of the complaint make clear, there was no such agreement; rather, a Probate and Family Court judge appointed the special master to facilitate the sale in accordance with the divorce judgment. Thus, because the complaint does not plausibly allege the existence of a contract, we are unpersuaded by the husband's argument that Count IV can survive because the Probate and Family Court does not have jurisdiction over contract claims. See Conant v. Sherwin L. Kantrovitz, P.C., 29 Mass. App. Ct. 998, 999 (1990).

Finally, the judge did not abuse his discretion in denying the husband's motion to "amend" the judgment. The judge properly determined that, despite its title, the motion did not seek to amend the judgment but to "undo [it] altogether." The judge was thus correct to treat the motion as one for reconsideration, which must be based on "changed circumstances," "a development of relevant law," or "a particular and demonstrable error in the original ruling or decision." Audubon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 470 (2012). The husband's

motion did not identify any changed circumstances or relevant development in the law and, as the judge found, mostly rehashed arguments that the judge already rejected, rather than identifying a demonstrable error in his decision.  We discern no abuse of the judge's discretion.  See id. at 470-471.[6]

Judgment affirmed.

Order dated February 4, 2025, denying postjudgment motion for relief affirmed.

By the Court (Shin, Walsh & Allen, JJ.[7]),

Clerk

Entered:  March 16, 2026.

---

[6] To the extent we have not addressed any of the husband's specific arguments, we see nothing in them to warrant reversing the judgment.

[7] The panelists are listed in order of seniority.